ALFRED P. TOULMAN v. MARY SWAIN.

*Answers to special questions—Personal knowledge—Notice of taking testimony—Suit by married woman against the grantee of her husband and herself—Refusal of new trial.*

It is no ground for reversal that the jury returned no answers to special questions as to facts that were purely collateral and were not involved in the real issues.

Where a witness in testifying to the best of his knowledge and belief refers to matters which in a previous answer were so stated as to indicate personal knowledge, it is for the jury rather than the court to determine whether he is speaking from personal knowledge.

Comp. Laws, § 5894, provides that notice of taking the testimony of a specified witness may be given to the opposite attorney. *Held* proper that the time allowed under such notice be computed with reference to the distance of the attorney from the place of examination, when he is nearer than the party.

Where the time allowed in giving notice of an examination of witnesses barely exceeds that prescribed by statute, the notice is not invalid, though the indulgence of the court may be needed in allowing a party taken by surprise to be required to meet it, especially if it had been left at such an hour that he could not promptly act upon it.

Notice of taking a deposition may be left at the residence of the person to be served therewith if he is not to be found in the county. Act 210 of 1879. *Held,* that any constructive service otherwise made is not good unless seasonably brought home to the proper person, even though, where notice was to be given to an attorney it was served at his office upon his partner.

A married woman sued the grantee of property deeded to him by her husband and herself, for a part of the consideration which she claimed was to have been paid to her under an agreement among them. *Held,* that her testimony concerning the arrangement by which her husband proposed and agreed that she should have a share of the proceeds if she would join in the deed and convey her dower, was not foreign to the issue and was material in proving the contract on which she brought her action.

The Supreme Court will not consider errors assigned on the refusal of the court below to grant a new trial.

Error to St. Clair.  Submitted Oct. 7.  Decided Oct. 19.

ASSUMPSIT. Defendant brings error. Reversed.

*A. E. Chadwick* for plaintiff in error.

*Elliott G. Stevenson* and *O'Brien J. Atkinson* for defendant in error.

CAMPBELL, J. Mrs. Swain, the defendant in error, sued Toulman to recover $500, which was the alleged consideration for the sale of her right of dower in certain lands in Canada, which were conveyed to him by her husband and herself. The declaration set out that the consideration of this sale of the entire title was $1500, of which $1000 was to go to the husband and the balance to the wife. It referred to a subsequent verbal arrangement for Toulman to hold the whole property for her benefit, and a sale by him for a large sum, but this was alleged to have been a void contract under the laws of Canada, and the claim was for the $500 only. Recovery was had below upon this basis. The jury answered several questions, among which those sustaining the original contract were answered affirmatively, while they did not agree on the facts bearing on the last-named arrangement on which no reliance was laid. It does not seem important to us that no answers were given to facts which were purely collateral and not involved in the real issues, and we see no reason for regarding this omission as ground of reversal.

It is also objected that certain answers of one Gurd to questions contained in a commission under which his deposition was taken were either not responsive, or else did not show that he spoke from personal knowledge. As the questions are printed there are two numbered four, and there is but one answer so numbered. But there are answers which seem to respond to these questions with more or less fullness, and while the effect to be given them would possibly be diminished by any uncertainties supposed to appear in them, it would be going very far to hold them inadmissible. So far as want of knowledge is concerned, the witness when speaking to the best of his knowledge in one case, and to the best of his knowledge and belief in another, refers to matters

which in a previous answer were so stated as to indicate personal knowledge. The effect of all this was rather for the jury than for the court, and we think it should have been, as it was, received for all that it was worth.

The objection that the witness Johnston's testimony was taken without notice is not sustained by the record. The statute expressly allows notice to be served on the attorney, and here it was personally served on Mr. Chadwick, the attorney of record. It was urged, however, that while this may be done, the time should be given with reference to the distance of the party and not the attorney from the place of examination. Inasmuch as witnesses cannot be compelled to remain in the State indefinitely, and may meditate speedy departure, the object of the statute in allowing service on the attorney as well as on the party, was, we think, to meet such cases; and it may be presumed that an attorney can usually have means of adequate cross-examination. If taken by surprise it is not likely that the circuit court would deny him an opportunity of further cross-examination where the witness is to be found. The shortness of the notice given in two of the depositions in the cause, each of which was but a few minutes beyond 24 hours, would be censurable unless required by some plain necessity, but it does not invalidate the notices, although it might require indulgence from the court in allowing a party taken by surprise to meet it.

But the deposition of Mr. Swain was not regularly taken. The notice which barely filled 24 hours, was not served on either party or attorney, and there was nothing to show the attorney had any knowledge of it in time to appear. The service was made on the partner of the attorney at his office. Our rules for the service of pleadings and ordinary practice papers allow such a service in the absence of an attorney from his office, upon the assumption that such papers will probably reach him in due time. But where a statute fixes the mode of service, in matters of this kind, which are exceptional, it has been uniformly held that jurisdictional requirements must be substantially complied with. The statute, which is found in the Compiled Laws, § 5894, and the amendment of 1879 (Laws 1879, p. 191), provides that

when the person to be served is not found in the county, notice may be left at his place of residence. There is no reason which would justify us in holding any constructive service made otherwise to be good, unless brought home in season to the proper person. The statute does not intend that any less than 24 hours shall suffice; and we cannot but see that the facts of the present case illustrate very clearly the danger of too much laxity of interpretation. The notice served at Mr. Chadwick's office was late in the afternoon of one day for a still later hour on the next, which was not a time usually convenient for beginning such a transaction. If properly served this would not render it bad. But the chances that a paper served so late would reach the proper person in good season would evidently be much smaller than if served more seasonably. We do not think the statute contemplated that a notice which may be in some cases very short should be made by anything but personal service, unless left at the dwelling.

Objection was made to the statements of Mrs. Swain concerning the arrangement whereby Mr. Swain proposed and agreed that she should have one-third of the proceeds if she would join in the deed and convey her dower. No reason of objection was given, but in the brief of plaintiff in error it is put on the ground of immateriality, and as a transaction between third persons not binding defendant below. What she proved was the contract under which she made the deed, and we know of no way to prove a contract except by showing what the parties agreed on. It was not immaterial, and it was not a transaction foreign to the issue.

The error assigned on the refusal to grant a new trial cannot be considered. This has been decided too often to need discussion.

Some irregularities beyond what we have referred to are complained of, but they are not likely to be repeated and we do not dwell upon them, inasmuch as a new trial is granted on other grounds.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.