HUBERT C. BALCH, ADMINISTRATOR, v. THE GRAND
RAPIDS & INDIANA RAILROAD COMPANY.

*Negligence—Measure of damages—Life tables—Present worth of
probable contributions.*

1. In this case the charge of the court on the question of damages
   is held to have been misleading, for reasons stated in the
   opinion, and the verdict excessive in any view of the testimony.

2. How. Stat. § 3392, authorizes the jury, in cases arising under it,
   to give such amount of damages as they shall deem fair and just
   to the persons who may be entitled to the same when recovered;
   but they are not warranted in giving damages not founded upon
   the testimony, or beyond the measure of compensation for the
   injury inflicted, or founded upon their fancy, or based upon vis-
   ionary estimates of probabilities or chances, and it has been
   held, with rare exceptions, that they must be confined to those
   damages which are capable of being measured by a pecuniary
   standard. *Cooper v. Lake Shore & M. S. Ry. Co.*, 66 Mich. 261.

Error to Grand Traverse. (Fallass, J., presiding.) Argued
October 11, 1887. Decided October 27, 1887.

Case. Defendant brings error. Reversed. The facts are
stated in the opinion.

*T. J. O'Brien* and *J. H. Campbell,* for appellant.

*Pratt, Hatch & Davis,* for plaintiff.

CHAMPLIN, J. Plaintiff recovered a verdict of $4,000
against the defendant for negligently causing the death of
Henry B. Balch, under a charge of the circuit judge to the
jury, relative to the measure of damages, as follows:

"Now, you cannot tell, of course, in relation to that,—you
cannot say with absolute certainty,—you cannot look ahead a
moment. A man this moment in the prime and flush of
health may the next moment be struck with the shaft of
death, and pass out of existence. There has been evidence

introduced here in relation to the expectancy of life. Now, this much is true; that, while we cannot tell how long any individual will live, yet we do know that, out of a thousand or ten thousand men who start at the age of 21, about a certain proportion will live to the age of 25, about a certain proportion will live to be 30, and a portion to 35, and so on up to 90 and 100 years. That is the general average, and from that tables have been prepared showing the average expectancy of human life. If it is for a man, say, 64 years old, the average years of life left to a man of 64 would be about a certain number of years,—I think there is evidence tending to show in the table here introduced that it is about 11 and 68-100 years.

" There has been evidence given tending to show that would have been the average of life left to a man of 64 years. Of course, some might not live so long, and some might live longer; but that would be the average.

" Now, you have the testimony as to what this man's business was, as to the manner in which his wife and child lived, about what support was provided them. There is evidence tending to show the payment of certain sums of money, and the providing of a comfortable support. It is for you to say what that would amount to each year, and then consider the t n.e that the man would have to live; consider the effect that advancing years would have upon his ability and capacity to earn the money which he had heretofore been earning in providing for his family, considering that this money would be paid at intervals of from one year to another; estimate the present value of that money, of what he would probably have contributed to his family during the time he probably would have lived,—and that sum the plaintiff will be entitled to, if you should find that the plaintiff is entitled to recover anything at all, provided you find that the wife would probably have lived as long as her husband, Mr. Balch. I think there is evidence tending to show her present age is about 54, and his about 64.

" By Mr. Campbell. Does your honor care to make any suggestion as to the method of getting at the present value?

" Court. You can figure it upon that basis of four and one-half per cent., gentlemen, if you wish; that is to say, gentlemen, you will understand that if you should find that he contributed and earned $300 a year or $400 a year, that $400 a year ten years from now would not be worth so much as $400 now in cash,—and defendant's counsel suggests you to figure the present value at 4½ per cent.

"*Mr. Campbell.* No, I didn't make that suggestion; I say that is—

"*Court.* Well, gentlemen, figure the legal rate 7 per cent."

We think the court misled the jury as to the basis of their calculations, and then left them in the dark as to the method of ascertaining the present value of money which plaintiff should recover. The only testimony as to the age of the deceased, for whose death action was brought was that of his son, who placed his age at 65 years at the time of his death. This made some difference in the expectancy of the life for which they were instructed to allow. Again, the amount of the contributions of the deceased towards the support of his wife and minor child was placed by the same witness at between two and three hundred dollars annually, and he nowhere states it above the latter sum. The language of the court was calculated to mislead the jury, both as to the age of the deceased, and his contributions to his family. The court should, after laying down such a basis for estimating damages, have instructed them as to the method of getting at the present value of what he indicated they could find. That they failed to comprehend his instructions is evident from the verdict they returned. If he had told them that they should find the amount of the annual contributions which deceased had made for the support and maintenance of his family, which, under the testimony, could not exceed $300, and compute and ascertain the present worth of that sum for one year, and for two years, and so on up to and including eleven years, and add these sums together, it would represent the present worth of the amount for which they should return their verdict. It is plain that such verdict would not have exceeded $2,400. It is difficult to account for the verdict the jury did return, unless, instead of finding the present worth of the sums, they found a gross sum for plaintiff, and added thereto interest at 7 per cent.

It was said in *Cooper v. Railway Co.*, 66 Mich. 271, that—

"The statute authorizes the jury, in every case of this kind, to give such amount of damages as they shall deem fair and just to the persons who may be entitled to the same when recovered. Under this statute the jury are not warranted in giving damages not founded upon the testimony, or beyond the measure of compensation for the injury inflicted. They cannot give damages founded upon their fancy, or based upon visionary estimates of probabilities or chances. The statute gives the right to damages, but it has been held, with rare exceptions, that they must be confined to those damages which are capable of being measured by a pecuniary standard."

Many other errors are assigned, but, as the more important of them will not be likely to recur upon a retrial, it is unnecessary to notice them here.

The judgment must be reversed, and a new trial ordered.

MORSE, J., concurred with CHAMPLIN, J.

SHERWOOD, J. I concur in the reversal.

CAMPBELL C. J., did not sit.