HERBERT C. BALCH, ADMINISTRATOR, v. THE GRAND RAPIDS & INDIANA RAILROAD COMPANY.

[See 67 Mich. 394.]

*Practice in circuit courts—Special questions to jury—Verdict—Province of jury.*

1. Requests for findings by the jury which do not call for their conclusions on any fact in issue, but only on the truthfulness or accuracy of certain named witnesses on certain facts which were matters of evidence merely, however significant they may have seemed, are very objectionable.[1]

[1] See *Transportation Co. v. McMorran*, 73 Mich. 467 (head-note 3).

2. It is going too far to ask for the reversal of a judgment, on error, on the idea that the jury were bound to disbelieve sworn testimony because other testimony was more probable.

3. Where a verdict is supported by testimony which was legally receivable, and which the jury had a right to believe and did believe, and which the trial court fairly submitted to them, it is no part of the duty of the appellate court to speculate whether the jury acted judiciously in determining which witnesses presented matters truly and which otherwise. In such a case they act within their legitimate powers, and, in legal presumption, decide correctly.

4. A verdict considerably lower than the outside range of the testimony would have warranted is not excessive.

Error to Osceola. (Judkins, J.) Argued November 6, 1889. Decided December 28, 1889.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*T. J. O'Brien* and *J. H. Campbell*, for appellant.

*Pratt & Davis*, for plaintiff.

CAMPBELL, J. Plaintiff's intestate was killed at Cadillac, in Wexford county, on March 18, 1886, by defendant's locomotive and tender.

In the early evening of that day the locomotive and tender were backing up northward, towards Mason street, on defendant's main track, pushing a couple of cars in the same direction on a parallel track, west of the main track, by means of a push-pole running across from the rear end of the water-tank to the rear end of the hindermost of the two cars. The testimony showed that decedent was struck by the push-pole, and thrown under the tank-wheels, and run over, so that the upper part of his chest was crushed in so as to be partially severed internally, if not externally, from the rest of the body. As the case was submitted to the jury, the chief dispute was whether deceased was, when struck, on the sidewalk in

Mason street, or some distance south of it, between defendant's tracks. The court below directed the jury that they could give no verdict for plaintiff unless, in addition to finding negligence in defendant, and freedom from contributory negligence in deceased, they found that the latter was in Mason street when struck. Several special findings were made by the jury, which defendant claims do not harmonize with the general verdict. The jury found a verdict of $2,000 for plaintiff.

Some minor points of error were presented on the argument; the chief contention, however, being that there was no case made for the plaintiff, by reason of the injury appearing to have been inflicted away from any part of Mason street. We do not think that the other questions present anything new or important, and they do not seem to us to require notice. If there was any case to go to the jury at all, the circuit judge was quite as liberal to the defendant, and quite as exacting of the plaintiff, as required by the most liberal rules of law applicable in such cases.

This case came up once before from Grand Traverse county, and is reported in 67 Mich. 394 (34 N. W. Rep. 884). It was the opinion of this Court on that occasion that the jury had made a mistake in estimating damages, and had given a verdict for a sum apparently $1,600 beyond what the correct calculation from the testimony would have made out. The verdict of $2,000 in the present case is considerably lower than the outside range of the testimony would have warranted, and is not excessive.

That was the only error which this Court on that occasion saw fit to pass on. If that record presented the questions now raised, it was not then deemed decisive. After a new trial had been had subsequent to the remanding of the cause, which was set aside for excessive dam-

ages by the trial court, the venue was changed to Osceola county, where it is evident there could have been no disposition in the jury to multiply damages. The complaint made is that the testimony of locality was not such as to authorize the verdict.

It is not in our province to weigh the testimony, and we shall not attempt to do so. All that is necessary is to indicate some of the disputed points, as connected with those not disputed.

The body of deceased was removed from between the engine and tender wheels about the middle of Mason street, which is shown to be a street about 80 feet wide. There was testimony that some clothing which he had just got from the wash, and the satchels in which he carried books for sale, and scattered books, were found near him, and that blood in considerable quantities was also found near him.

Defendant introduced testimony of a search by some witnesses down the track south of the street, and their observation of appearances of blood, and of the dragging of a body from a point some distance south of the street, up towards the street, and also finding some books and articles there. The testimony for plaintiff contradicted these appearances, and indicated that the appearances of the traces of the accident, as well as the articles scattered, were all within Mason street.

There was positive testimony of witnesses who swore they saw the plaintiff struck down on the sidewalk, and some other testimony favoring that idea. There was also positive testimony put in by defendant to the contrary. The witnesses on both sides were rigidly cross-examined, and the circumstances claimed to indicate the intrinsic probability or improbability of their statements appear in the record.

The jury found, by their general verdict, that the

injury was inflicted while plaintiff was in Mason street. Defendant proposed several special questions, as follows:

1. "Did the witnesses Cutler, Cook, Bragg, Johnson, and Haines, or any of them, make an examination of the railroad track, soon after the accident, to see where Mr. Balch was when first struck?" Answered: "Yes."

2. "Did they, or any of them, in making such examination, go on or near the main track, south of the south sidewalk of Mason-street crossing?" Answered: "Yes."

3. "Did they, or any of them, find any of the books or any of the clothing of Mr. Balch south of the south sidewalk of Mason street?" Answered: "No."

4. "Did they, or any of them, find evidence of the body having been dragged along the track south of the south sidewalk?" Answered: "No."

5. "Did they, or any of them, find fresh blood on the rail, or near it, south of the south sidewalk?" Answered: "Yes."

The circuit judge intimated his doubts whether these questions were of such a character as would determine any issuable facts conclusively, but allowed them to be submitted. The answers all favor plaintiff, except that it is claimed the last is inconsistent. But the record contains testimony tending to show that the bleeding body was carried where blood might have dripped on the rails where the jury say it was found, and finding it there was not conclusive.

The jury believed the testimony locating the injury and the finding of the articles of personal property in Mason street, and discredited the finding of these articles, or the infliction of the injury, elsewhere. We are asked to find, as a matter of law, that the jury had no right to find as they did.

The circuit judge gave the jury very careful instructions on every point in the case. Defendant was allowed to present requests for findings to the jury that were very objectionable, inasmuch as they did not call for the conclusions of the jury on any fact in issue, but only on

the truthfulness or accuracy of certain named witnesses on certain facts which were matters of evidence merely, however significant they may have seemed. The jury, after all these precautions, rendered a verdict not excessive in amount, and necessarily deliberate.

We do not think the result justifies the bitterness of the censure cast on the jury and the circuit court in arguing for a reversal. It is going too far to ask us, on error, to reverse a judgment on the idea that the jury were bound to disbelieve sworn testimony because other testimony was more probable. The verdict is certainly supported by testimony which was legally receivable, and which the jury had a right to believe and did believe, and which the circuit judge very fairly submitted to them. It is no part of our duty to speculate whether they acted judiciously in determining which witnesses presented matters truly and which otherwise. They acted within their legitimate powers, and, in legal presumption, they decided correctly.

The judgment should be affirmed.

The other Justices concurred.