EMMA COUSINS v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Railroad companies—Injury to passenger—Alighting from moving car—Contributory negligence—Damages—Instructions—Special questions.*

1. It is error to instruct the jury in a negligence case that the plaintiff is entitled to recover the money she may have expended in an attempt to be cured of her injuries, in the absence of any testimony tending to show such expenditure.

2. While it is *prima facie* negligent for a passenger to attempt to alight from or to board a moving train, it is not in all cases negligence *per se* to attempt to do so.

3. If a passenger is, by the wrongful act of the carrier, placed in a position where, under a sudden impulse to save himself from serious inconvenience, he attempts to alight from a moving train, where the danger is not imminent, and where persons of ordinary care and caution would make the attempt, the question of his negligence in making the attempt is for the jury.

4. It is not the duty of the court to submit mere questions of evidence to the jury for special findings, but the questions must be so framed as to call for an answer which may be controlling on the main issue.[1]

---

[1] For cases bearing upon the construction of How. Stat. § 7606, as amended by Act No. 15, Laws of 1885, which provides for the submission of special questions to the jury, not exceeding five in number, and each to be in single, short sentences, readily answered by yes or no, see:

1. *Pigott v. Engle*, 60 Mich. 221, holding that it is not error to refuse to submit questions upon immaterial, inconclusive, or admitted matters.

Error to Hillsdale. (Lane, J.) Argued June 29, 1893. Decided July 25, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion. '

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-Danner*, of counsel), for appellant.

*Guy M. Chester*, for plaintiff.

MONTGOMERY, J.   The plaintiff was a passenger on the defendant's regular train, and received the injuries which she complains of while attempting to alight from the train at Pittsford.   The plaintiff's contention is that the train

2. *Oliver v. Sanborn*, 60 Mich. 346, holding that a finding that the plaintiff acted in good faith in the purchase of land is not conclusive in the appellate court, where it appears from the record that the jury did not apply the proper legal standard to test the good faith of the purchase, under the facts and circumstances of the case.

3. *Loomis v. Armstrong*, 63 Mich. 355, holding that where, on an accounting by an administrator in the circuit court, an issue is framed, and certain special questions are submitted to the jury by agreement of the parties, other questions presented by the contestant after the testimony is taken should not be submitted; and that special questions can only be submitted in cases where the verdict is conclusive upon the facts found.

4. *Cook v. Clinton*, 64 Mich. 309, holding that a plaintiff cannot assign error upon the action of the court in permitting the defendant to withdraw special questions upon the return of the jury for further instructions, in the absence of the plaintiff's attorney, for which neither the court nor the defendant was in fault, it appearing that the facts asked to be found were submitted in the general charge, and that the case was one proper to be submitted to the jury.

5. *Miner v. Vedder*, 66 Mich. 101, holding that whether the statute applies to the trial of an issue of fact framed in the Supreme Court in a *mandamus* case, and sent down to the circuit for trial, is doubtful; and that a refusal to submit special questions, none of which are material to the issue in such a sense that their determination would, either one way or the other, serve any useful or important purpose in arriving at a decision of said issue, is, at the most, non-prejudicial error.

6. *Beecher v. Galvin*, 71 Mich. 391, holding that the object of the statute is to ascertain whether the jury, in making up their verdict, have properly applied the law as given by the court to the facts in the case; and that it is error to direct what answer shall be made in case the general verdict is rendered in a certain way.

7. *Transportation Co. v. McMorran*, 73 Mich. 467, holding that the purpose of the statute is to enable the court to know whether in finding generally the jury have properly considered the necessary ele-

failed to stop a sufficient length of time to afford reasonable opportunity for getting off; that while attempting to alight with all possible dispatch, and following closely after another passenger, she was thrown to the ground, and received serious injuries. It appears that the plaintiff discovered that the train was in motion while on the platform or in the door of the car. She recovered a verdict of $7,000, and defendant appeals. The assignments of error are numerous, but we shall advert only to those which present questions which are likely to arise upon a new trial.

1. The first error relied upon is the refusal of the learned circuit judge to instruct a verdict for the defendant. We think that, under the circumstances of this case, the

ments of the finding, and that the general verdict must yield to the special findings.

8. *Balch v. Railroad Co.*, 78 Mich. 654, holding that special questions which do not call for conclusions on any fact in issue, but only on the truthfulness or accuracy of certain named witnesses on certain facts which are matters of evidence merely, however significant they may seem, are very objectionable.

9. *Harrison v. Railroad Co.*, 79 Mich. 409, holding that it is error to refuse to submit special questions in a negligence case, the answers to which would determine whether the proximate cause of the accident complained of was the negligence of a superior servant or of a fellow-servant of the plaintiff.

10. *Sherwood v. Railway Co.*, 82 Mich. 374, holding that it is error to refuse to submit special questions, unambiguous in form, and relating to a question of fact in issue.

11. *Railroad Co. v. Campau*, 83 Mich. 31, and *City of Grand Rapids v. Luce*, 92 Mich. 92, holding that it is not error to refuse to submit special questions to the jury in a condemnation case.

12. *Zucker v. Karpeles*, 88 Mich. 414, 425, holding:

*a*—That it is error to refuse to submit special questions to the jury if proper in form and substance.

*b*—That the court may submit the questions to the opposite counsel for inspection, who has the right to frame questions, and to have the jury instructed to answer them if they find a general verdict against his client.

*c*—That counsel are not obliged to furnish special questions until after the arguments are closed, but, if they do so, there is no reason why the questions should not be discussed to the jury if they relate to the merits of the controversy; but that it is improper for counsel to *instruct* the jury how to answer them.

13. *Van Auken v. Railway Co.*, 96 Mich. 307, holding that where there can be but one answer to a special question, the testimony as to the matters embraced therein being undisputed, it is not error for the court to direct such answer.

defendant was not entitled to this instruction. The law upon the subject ought no longer to be in doubt. It is undoubtedly *prima facie* negligent for a passenger to attempt to alight from or board a moving train, but it is not in all cases negligence *per se* to attempt to do so. If one is, by the wrongful act of the carrier, placed in a position where, under a sudden impulse to save himself· from serious inconvenience, he attempts to alight from a moving train, where the danger is not imminent, and where persons of ordinary care and caution would make the attempt, it is not necessarily negligent. In such cases it becomes a question for the jury. See Beach, Contrib. Neg. (2d ed.) § 147; Bish. Non-Cont. Law, § 1101; Whart. Neg. § 377; Thomp. Trials, § 1684; 2 Amer. & Eng. Enc. Law, 762; *Shannon v. Railroad Co.*, 78 Me. 52; *Crissey v. Railway Co.*, 75 Penn. St. 83; *Strand v. Railway Co.*, 64 Mich. 216; *McCaslin v. Railway Co.*, 93 Id. 553.

2. Error is assigned upon the refusal of the circuit judge to submit the following special questions to the jury:

"1. Did the conductor assist Mrs. Pettyt to alight from the train?

"2. Did he wait at that point, to see if other passengers were coming, before starting for the head of his train?

"3. Did he walk from that point to the baggage car before giving the signal to the engineer to go ahead?

"4. Had the car gone a distance of about 30 feet when Mrs. Cousins stepped off."

We think the court was right in refusing to submit these questions. Whatever the finding of the jury might have been thereon, such finding would not have been inconsistent with the general verdict for the plaintiff. It is not the duty of the trial judge to submit mere questions of evidence to the jury. The questions must be so framed as to call for an answer which may be controlling of the main issue. *Balch v. Railroad Co.*, 78 Mich. 654; *Crane v. Reeder*, 25 Id. (Ann. ed.) 304, and note. Reliance is

placed by defendant's counsel upon *Sherwood v. Railway Co.*, 82 Mich. 374; but a careful reading of that case will disclose that the main issue was whether the plaintiff attempted to alight while the car was in motion, and the pleadings were so framed as to make that the vital issue in the case. It was held that an affirmative answer to the questions proffered would have demonstrated that the train was in motion when the plaintiff descended the steps to alight, and that, under the pleadings in that case, such a finding would have been inconsistent with the general verdict. But in the present case, while it may be true that an affirmative answer to these questions would have demonstrated that the train was in motion, yet this was not necessarily conclusive of her right to recover. The theory of plaintiff was that the train was in motion before she attempted to alight, but that she discovered this fact after she had reached the platform of the car, and that she acted as a reasonably prudent person might be expected to act under the circumstances, in the excitement occasioned by the defendant's alleged default.

3. The plaintiff is a married woman, and offered no testimony which tended to show that she had expended any money in an attempt to be cured of her injuries. The circuit judge, in stating the plaintiff's claim to the jury, said that it was a part of her claim that she had been put to a considerable expense in seeking to be cured of the difficulty which was brought upon her by the negligence of the company, as it is claimed by her; and further instructed the jury that, if the plaintiff was entitled to recover,—

"She would be entitled to recover such amount as would reasonably compensate her for the injury which she received, and the moneys which she may have expended in seeking, reasonably, to cure herself of injuries which she so received, since such injury and before the bringing of this suit; and more particularly she is entitled to recover for the

pain, suffering, loss of capacity to work and enjoy herself as a member of society, as well as for moneys she may have expended in seeking to cure herself of this malady."

There was error in giving these instructions to the jury. See *Reed v. Railroad Co.*, 57 Iowa, 23; *Eckerd v. Railway Co.*, 70 Id. 353; *Folkerts v. Standish*, 55 Mich. 463; *Seligman v. Ten Eyck Estate*, 60 Id. 267; *Hudnut v. Gardner*, 59 Id. 341; *Stilson v. Gibbs*, 53 Id. 280.

The judgment will be reversed, and a new trial ordered.

HOOKER, C. J., McGRATH and LONG, JJ., concurred. GRANT, J., did not sit.