HENRY BRASSEL V. JOHN W. STONE, CIRCUIT JUDGE OF DELTA COUNTY.

JUDGMENT—ENTRY OF FOR DEFENDANT BECAUSE OF INCONSISTENCY OF SPECIAL FINDING OF JURY AND THEIR GENERAL VERDICT.

Relator applied for *mandamus* to compel the respondent to vacate the judgment entered in favor of the defendant, and enter a judgment for the relator upon the verdict rendered in his favor. An order to show cause was denied, appeal being the proper remedy.

*Hurst & Sullivan*, for relator, contended:

1. That the question presented by the motion of the defendant for the entry of judgment in its favor was whether or not the special questions submitted to the jury and their answers thereto were inconsistent with the general verdict.

2. That if the plaintiff was in *any* car of the defendant, and was unlawfully put off the train, and thereby injured, he was entitled to damages; that the witnesses differed as to which car plaintiff was in; that that question of fact was therefore presented to the jury for determination; that they would not determine it from plaintiff's evidence alone but from all of the evidence on that subject, and thus determine the answer to said question; that the declaration does not allege the particular car that plaintiff was in; that under it if he was in *any* car, and was forcibly ejected therefrom, as described in the declaration, the cause of action was complete.

3. That it does not follow as a matter of law that the plaintiff's evidence on the first trial must exactly correspond with his evidence given on the second or third trial; that plaintiff's evidence on the first trial was admitted, undoubtedly at the suggestion of the defendant; that the jury had before them said testimony, and also plaintiff's testimony given on the third trial, and whether he was mistaken on the first trial, and telling the truth on the third, or what the actual fact was as to what car he happened to be in when forcibly ejected from the train, was all before the jury, together with the testimony of other witnesses upon the point, and it was purely a question of fact for their consideration.

4. That the answer to the question what car he was in being a question of fact upon which the witnesses differed, was not inconsistent with the general verdict; that the jury had a right to determine that question from all of the evidence, and when they found that plaintiff was forcibly ejected from the car while in motion, and injured, without his fault, they determined all the questions in the case according to law, and their verdict ought not to have been disturbed by respondent, except upon motion for a new trial, for errors in law, or because the verdict was against the weight of evidence.

5. That respondent in his opinion does not place his action on the ground that the special finding was inconsistent with the verdict, but that the plaintiff differed in his testimony on the third trial as to the car he was in from that given on the first trial, and this he claims authorized him to render a judgment in favor of the defendant.

6. That *mandamus* is the proper proceeding to correct the error committed by respondent; that the point upon which respondent rested his decision is so clearly set forth in his opinion that no further examination of the record of the case would throw any material light upon it; that it was not within respondent's authority on a motion for a judgment on the ground that the special finding was inconsistent with the general verdict to say that the defendant ought to have a judgment, thereby invoking a branch of the law not applicable to the pleadings and circumstances of the case; that it would be a great hardship to compel the plaintiff, who is dependent upon his labor for support, in order to correct this single error to go to the expense of printing a voluminous

record of evidence (750 pages as shown by an affidavit filed in support of this application), and bring the case up for review on writ of error.

The facts as alleged in the petition for *mandamus* were:

1. That relator recovered a judgment against a railroad company under a declaration averring his unlawful and forcible ejection from its cars in which he had taken passage as a passenger, the particular car not being mentioned, which judgment was reversed in the Supreme Court, the case being reported in 101 Mich. 5.

2. That on a second trial judgment passed in favor of relator, but a new trial was granted by the trial court on the grounds that the verdict was excessive, and that the answers of the jury to the special questions submitted to them were inconsistent with their general verdict.

3. That a change of venue was granted; that the case was again tried, and the jury rendered a verdict in favor of the relator, which verdict was set aside by the respondent on the ground, as stated in the journal entry, that the affirmative answer of the jury to the question, "was the plaintiff in the second class or smoking car when the conductor called for his ticket," was inconsistent with the general verdict.

4. That the reasons of the respondent for giving said decision, as set forth in his opinion filed in the case, were:

*a*—That it appeared on the last trial by undisputed evidence that the train was made up in the following order: Engine and tender, mail car, baggage car, one second class car, sometimes called the smoker, two first class cars, dining car, and sleeping car; that the train was going east; that the plaintiff's testimony, taken upon the first and second trials, was put in evidence; that but one conclusion can be reached from his testimony taken on the first trial taken as a whole, and that is that he was *not* in the common smoking or second class car ahead when the conductor called for his ticket, but that he was in the rear or smoking apartment of a first class car; that this was the claim of the plaintiff on the first trial.

*b*—That in the light of the testimony of the conductor, the brakeman, and other witnesses, the car or place on the train where the alleged trouble occurred became not only material, but very important; that on the first trial plaintiff placed himself in one of the (two) first class coaches; that the first special question put to the jury was, "Was the plaintiff in the smoking room next in front of the dining car when the conductor called for his fare," to which question the jury gave a negative answer; that with this answer in mind, plaintiff's counsel in the Supreme Court claimed that "the court would bear in mind that on the train there were two first class coaches, exactly alike; that the plaintiff claimed that he was in the *rear* end of the coach, not next to the dining car, while the defendant's witnesses claimed that he was in the rear end of the coach *next* to the dining car;" that on the last trial plaintiff testified that the trouble occurred in the third car from the engine, the smoking or second class car, and that two of his witnesses were in that car; that said witnesses gave evidence to the same effect; that in the argument of the case before the jury plaintiff's counsel took the same position, and urged the jury to find that plaintiff was in the third car from the engine, being the smoking or second class car, and the jury so found in answer to a special question submitted to them.

*c*—That it is now contended by the defendant that this special finding is inconsistent with the general verdict, and the court is asked, for this reason, to enter judgment in its favor; that it is a familiar rule of law that a plaintiff cannot be permitted on a second trial to take a position inconsistent with that taken on a former trial on any vital or important question in the case; citing. *Railway Co. v. McCarthy*, 96 U. S. 267.

*d*—That bearing in mind the "make up" of the train, there is no doubt but that upon the last trial the plaintiff shifted his position taken upon the first trial as to the car in which he claims

the trouble occurred; that when the importance of the car is considered in connection with the testimony and claim of defendant as to the persons present on the train, the question becomes as vital as though the particular car had been alleged in the declaration; that plaintiff treated the car as important on the first trial, both in the circuit and Supreme courts, and cannot be permitted to change front on said question.

*e*—That the object and purpose of How. Stat. §. 7606, which provides for the submission of special questions to the jury has been clearly defined by the Supreme Court; citing *McLean v. Scripps*, 52 Mich. 250; *Wrecking Co. v. McMorran*, 73 Id. 472; *Van Auken v. Railway Co.*, 96 Id. 314. (For cases bearing upon the proper construction of and practice under the section cited, as amended by Act No. 15, Laws of 1885, see *Cousins v. Railway Co.*, 96 Mich. 386, and note; *Brand v. Railway Co.*, 101 Id. 6. [EDITOR.)

*f*—That if I am correct in holding that the plaintiff is estopped from denying his position taken on the first trial as to his place on the train when the act complained of took place, then his place in that identical car was a necessary element in the finding on the trial in order that it should support the general verdict; that that finding is that he was in the second class or smoking car, and it is inconsistent with the general verdict, and with his right to recover a judgment.

*g*—That the contention of plaintiff's counsel that if the defendant's position is correct the court should have taken the case from the jury at the close of the testimony and directed a verdict for the defendant is probably correct, and had the court been as well informed then as now such course would have been taken; that plaintiff cannot complain of this as his position is no worse than it would have been then.

*h*—That for the reasons given judgment will be entered for the defendant.