## STATE *v.* CITY OF DETROIT.

113  643
116  326

1. PERSONAL INJURIES—EVIDENCE—PHYSICAL CONDITIONS.

Evidence that the plaintiff in an action for personal injuries had led the life of a common prostitute for five years prior to the time of receiving the injuries for which suit is brought is admissible, in connection with evidence that the physical conditions ascribed by plaintiff to the injuries commonly result from sexual excesses.

2. SAME—MARRIED WOMEN—DAMAGES—MEDICAL ATTENDANCE.

In an action by a married woman for personal injuries, an instruction that the damages recoverable include the moneys necessarily paid for medicinal treatment and care is erroneous, in the absence of evidence that such expenditure was made from her individual estate.

Error to Wayne; Donovan, J. Submitted June 16, 1897. Decided July 13, 1897.

Case by Josephine State against the city of Detroit for personal injuries. Plaintiff died pending the trial, and the

cause was revived in the name of her administrator, Thomas State. From a judgment for plaintiff, defendant brings error. Reversed.

*Arthur Webster* (*C. D. Joslyn*, of counsel), for appellant.

*B. T. Prentis*, for appellee.

MOORE, J. Plaintiff, as administrator, recovered a judgment against defendant for injuries received by Josephine State, which plaintiff claims resulted from a fall from a carriage because of a defective pavement. Defendant appeals.

It is the claim of the plaintiff that on the night of November 25, 1887, Josephine State was thrown from a carriage, and received injuries from which she never recovered, and which finally resulted in her becoming a physical and mental wreck. It was the claim of the defendant that if Mrs. State was hurt at all it was but slightly; that she fully recovered from her hurt, and was engaged in active business; and that the developments subsequent to the injury were not the result of the injury, but were the result of sexual excesses practiced by her prior to the injury. Dr. Orr, a witness for plaintiff, after describing the condition in which he found Mrs. State, and stating that her condition might be caused by a fall or an injury, on the cross-examination testified that such a condition might be caused by dissipation. Dr. Inglis testified that such a condition was very often the result of excesses, and especially of sexual excesses. The defendant then sought to show that deceased, prior to the injury, led the life of a common prostitute; that she led a fast life; and proposed to show the character of her life from 1882 to 1888. This testimony was excluded; we think, improperly. If the injuries received were caused by the fall, the plaintiff was entitled to recover from the city; but if Mrs. State's condition was brought about, not by the fall, but by the life she led, then her representative

was not entitled to recover. The defendant was entitled to have the proof bearing upon that question submitted to the jury.

The deceased was a married woman living with her husband at the time of the injury. The bill of exceptions does not purport to return all of the testimony, and we do not know just what was shown as to who paid for medical attendance and nursing. Defendant asked the court to charge, "Plaintiff cannot recover for any moneys expended for medicine or nursing." The trial judge declined to give this request as drawn, but charged the jury, "Plaintiff cannot recover for any moneys expended for medicine or nursing,—that is, himself,—for any moneys that he (State) expended." Again, after explaining to the jury under what circumstances the plaintiff would be entitled to recover damages, the court said, "The damages in such cases include the moneys necessarily paid for medicinal treatment and care." This is not a correct statement of the law in relation to a claim for damages by a married woman, who is living with her husband, for medical services and nursing. See *Cousins* v. *Railway Co.*, 96 Mich. 390, and the many cases there cited.

Other errors are assigned, but, as they are not likely to occur again, it will not be necessary to discuss them.

Judgment is reversed, and new trial ordered.

The other Justices concurred.