TYLER *v.* WRIGHT.

DEEDS — EVIDENCE — DELIVERY — ADVERSE POSSESSION — LIMITA-
TIONS, STATUTE OF.

> In an action of ejectment, evidence tending to show that plain-
> tiff's grantor recognized the title of the record owners by ex-
> ecuting a deed to one of them, which, however, was never
> delivered, *held,* to raise an issue of fact, and that the defend-
> ant's claim of title through adverse possession of her grantor
> was properly submitted to the jury in pursuance of a previous
> decision of the court. *Tyler* v. *Wright,* 164 Mich. 606 (130 N.
> W. 205).

Error to Berrien; Coolidge, J. Submitted June 14,
1912. (Docket No. 14.) Decided July 22, 1912.

Ejectment by Ida N. Tyler against Addie Wright,
Louis Pector, and Jacob Goodman. Judgment for de-
fendants, plaintiff brings error. Affirmed.

*Gore & Harvey,* for appellant.

*William C. Hicks,* for appellees.

STEERE, J. This is an action in ejectment brought to
obtain possession of, and, incidentally, to establish a clear
title to, the east 18 feet of lot 6, block 23, of the original
plat of the city of Benton Harbor, Mich., being a parcel
of land 66 feet in length, fronting 18 feet in width on
West Main street in said city. Plaintiff claims owner-
ship and right of possession under a record title to said
property, which, admittedly, stands in her name. De-
fendants Pector and Goodman are not active litigants,
only figuring in the case as tenants of defendant Addie
Wright, who holds possession of, and claims, the lot in
dispute under a life lease to her from one John Thomas,
Sr., who died August 15, 1901, claiming to have title to

said property acquired by continuous adverse possession for over fifteen years. The validity of his title is the controlling issue presented by this case. The question of adverse possession having been submitted, under careful instructions, to the jury by the trial court, a verdict was rendered in favor of defendants. A motion was then made by plaintiff asking that the court set aside said verdict and grant a new trial, for the reason that a verdict should have been directed in favor of the plaintiff on the undisputed facts, and that the decision of the jury was contrary to law, contrary to the overwhelming weight of evidence, the result of prejudice and passion, cannot be reconciled with the evidence on any theory of the case, and was in disregard of instructions given by the court. This motion was denied, and plaintiff has removed the action here for review.

This is the third time the title to said lot has been before this court for consideration. *Thomas* v. *Sullivan*, 138 Mich. 265 (101 N. W. 528); *Tyler* v. *Wright*, 164 Mich. 606 (130 N. W. 205). In the first case mentioned the two children of John Thomas, Sr., whose title by prescription is now in issue, and his wife, Catherine Thomas, who at the time of her death in 1885 held the record title, were litigating between themselves the validity of a certain deed from said Catherine Thomas to defendant Sullivan. The second case referred to is the one now before us, being then presented by defendant for review of a previous trial. The nature and history of the property, the relations and dealings of the parties, and the circumstances which gave rise to the dissensions resulting in this litigation, are fully recited in the above-mentioned cases, and need not be repeated here. On the first trial in the circuit court a verdict was directed for plaintiff, and defendant Wright brought the case here on writ of error. *Tyler* v. *Wright, supra.* It was then held on the record as presented that the character of John Thomas, Sr.'s, possession, after the death of his wife, was a question of fact for the jury, and a new trial was granted.

While, in some instances, more or different witnesses testify as to particular facts, the record shows that on the retrial the essential facts proven or in issue were practically the same as before. No error is assigned on admission or rejection of testimony or the charge of the court. The assignments of error relate purely to the refusal of the court to grant plaintiff's motion for a new trial. In his reasons for denying such motion the learned circuit judge, among other things, said:

" The case was removed to the Supreme Court, and the judgment was reversed on the ground that there was sufficient evidence to go to the jury. The facts brought out on the two trials were practically the same. It is true that in the opinion of the Supreme Court a mistake of fact was made in the statement that at the time John Thomas, Sr., made his will he undoubtedly knew that a certain deed executed by Mrs. John Thomas, Sr., to her daughter, Mrs. Catherine Sullivan, had been held void and inoperative by the Supreme Court of this State, as the decision of the Supreme Court in such case was not made till some time after the making of the will. I cannot assume, however, that the opinion of the Supreme Court in this case was based upon the transaction with regard to the will alone. The opinion indicated that there were facts sufficient outside of that particular fact to go to the jury. I must assume, therefore, that the matter is *res adjudicata* because the facts developed on the two trials were substantially the same."

The forceful brief in behalf of plaintiff, under the present condition of the case and the views already expressed by this court, is devoted mainly to an argument of the facts and rules of law which should apply to the facts contended for, urging, in that connection, that the former decision in this case should be overruled. It is manifest, as stated by the trial judge, that at the time John Thomas, Sr., made his will the deed from his wife to his daughter, left in his hands for delivery on certain contingencies, had not been held invalid by this court, and no reasoning can be predicated on his knowledge of its having been held invalid at that time. The inference stated in that connec-

tion, however, was not then, and is not now, regarded as a controlling factor.

Plaintiff gives much importance to, and urges as conclusive against the claim of hostile occupation, the conduct of John Thomas, Sr., on a certain occasion in 1893 or 1894 at a time when his son was threatening to make him trouble over the property. In fortifying himself against any such trouble, said John Thomas, Sr., sent for his daughter Mrs. Sullivan, and consulted an attorney as to the validity of the deed from his wife to the daughter, which he had in his possession. What occurred on that occasion is in dispute. It is claimed by plaintiff that he then delivered the deed to his daughter, and admitted her title to the property. It is undisputed that the attorney advised him a delivery of the deed was essential to pass the title, and it would be valid if delivered. It is claimed by the defendants that, although the daughter was allowed to examine it, it was not delivered. There is testimony in that connection that, having been advised it would only be valid on delivery, he took pains to enjoin it upon a witness who was present during the transaction to take particular notice that he had the deed and that it was not delivered.

We think the conflicting evidence in regard to that transaction presented a question for the jury. It is undisputed that he subsequently had and kept possession of the instrument. It was not recorded until 1902, after his death. It was, in truth, invalid. From the time of the death of his wife he continued to occupy, pay taxes on, assert ownership of, and retain control over, the premises up to the time of his death, making final disposition of it in his last will. When his wife died, their two children were of age, married, and had homes of their own. It is claimed that he was unfriendly with them, which is denied. His will indicates a very unkindly feeling. This was a pure question of fact. We think that whether he occupied the premises in recognition of, or hostile to, the title of his children, was for the jury to decide, from the

conflicting testimony, under proper instructions.    So far as this record shows, the trial was well conducted, fair, and impartial, with proper instructions, containing eight of plaintiff's nine requests, in the exact language requested. We are not convinced that the verdict was so against the overwhelming weight of evidence as to require the court to interfere and set it aside.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.    BLAIR, J., did not sit.