### NEELEY *v.* STRATTON.

1. MASTER AND SERVANT—SALARY—RECOVERY.
    In an action by plaintiff for salary which he claimed the defendant copartners agreed to pay and which the defendants contended was to be paid by the corporation which succeeded to the business of the copartnership, the testimony being in conflict, presented an issue of fact which the court properly submitted to the jury.

2. TRIAL—SPECIAL QUESTIONS—JURY—ISSUES OF FACT—CHARGE.
    On the trial of an action for salary claimed to be due to the plaintiff the trial court did not commit reversible error in refusing to submit to the jury several special questions presented by defendant's attorney after the close of the charge to the jury: as matter of right defendant was not entitled to have such special questions presented at that stage of the proceedings.

3. SAME—JURY TRIAL—VERDICT—ISSUES.
    Unless special questions are controlling of the issues in a case they should not be submitted to the jury.

Error to Wayne; Mandell, J. Submitted January 21, 1915. (Docket No. 35.) Decided April 6, 1915.

Assumpsit by Roy Neeley against Franklin Stratton and John A. Oleson for breach of a contract of hire. Judgment for plaintiff. Defendants bring error. Affirmed.

*Oscar M. Springer*, for appellants.

*Frederic T. Harward*, for appellee.

MOORE, J. This case was commenced in justice's court. From a judgment in favor of the plaintiff the case was appealed to the circuit court, where it was tried by a jury. From a judgment in favor of the plaintiff the case is brought here by writ of error.

The plaintiff claimed he was hired on March 8, 1911, by defendant partnership, to demonstrate a car with a convertible body, which defendants were endeavoring to place on the market. The defense was that a company known as the B-O-S-S Company had been formed and had taken over all the property of the partnership, and that the partnership thereupon ceased to exist, and that the plaintiff, if hired at all, was hired by this company.

There are three groups of assignments of error that should be discussed:

1. Did the court err in declining to direct a verdict for defendants?

2. Did the court err in declining to grant defendants a new trial?

3. Did the court err in declining to submit to the jury five special questions?

We will consider these in the order named:

1. It is said the plaintiff failed to make a case against defendants. The record shows beyond any question the existence of a partnership known as Stratton & Oleson, and that they were at work inventing and perfecting an automobile, which it was claimed was afterwards taken over by the B-O-S-S Automobile Company.

The testimony was very conflicting. The plaintiff and Mr. Stratton, one of the members of the firm of Stratton & Oleson, both testified that the plaintiff was hired by Mr. Oleson to work for Stratton & Oleson. Mr. Oleson denied this, and insisted he was at work for the B-O-S-S Company. Other testimony was given, tending to support each of the contentions. This raised a question of fact which was left to the jury in a carefully considered charge.

2. The same reasons that would justify the court in refusing to direct a verdict would justify a refusal to grant a new trial.

3. The record shows the court had practically completed his charge, when the following occurred:

"These are the issues in the case, and it will be for you, as judges of the facts and judges of the credibility of the witnesses, to determine the truth of the issue. The form of your verdict will be either, that you find—"

Mr. Springer submits a paper (special questions) to the court:

"*The Court:* I cannot submit this at this time. It is too late. It will be for you to determine whether there was employment by the firm, whether the employment ceased at once, or ceased at any time during the time that employment was claimed to have continued, and therefore the form of your verdict will be that you find for the plaintiff, at the rate that has been mentioned here—I think it is $21 a week or $3.50 a day—from the time that you, from a study of the evidence, are convinced that employment lasted should you find it was employment by this firm. Now, of course, if the plaintiff comes in and seeks to recover under the claim he urges, the burden of establishing his claim falls upon him, and he must establish his case by a fair preponderance of the evidence. That means that he must produce that class of testimony that convinces you of its truth. If he has done so, he is entitled to a verdict, but if he has failed to do so, or the defendant has convinced you of the truth of

their claims, the defendant is entitled to a verdict of no cause of action.

"*The Court:* It seems to me that after I have finished the charge to the jury it is too late to submit these special questions.

"*Mr. Springer:* I do not understand it so, and I think I want to insist upon an answer to these questions.

"*The Court:* Let it appear of record that counsel for plaintiff was here during the early part of my charge, when counsel for both sides handed up requests, and counsel for plaintiff is engaged in the trial of a case in another division of the court and was obliged to leave and has not examined these proffered questions, which are five in number; that these questions are submitted in typewriting, and evidently have been prepared prior to coming into court this morning, and were not submitted to the court or the counsel on the other side until after the court had charged the jury generally.  Follow an officer.

"*Mr. Springer:* I take an exception to the refusal of the court to submit the special questions to the jury offered by counsel for defendant."

The practice indulged here is not to be commended. Counsel may not, as a matter of right, have questions submitted when presented after the charge is begun.

In *Cousins* v. *Railway Co.*, 96 Mich. 386 (56 N. W. 14), Justice Montgomery, speaking for the court, said:

"We think the court was right in refusing to submit these questions.  Whatever the finding of the jury might have been thereon, such finding would not have been inconsistent with the general verdict for the plaintiff.  It is not the duty of the trial judge to submit mere questions of evidence to the jury.  The questions must be so framed as to call for an answer which may be controlling of the main issue."

See *Crane* v. *Reeder*, 25 Mich. 303, 316; *Fowler* v. *Hoffman*, 31 Mich. 215, 219; *Harbaugh* v. *Cicott*, 33 Mich. 241, 250; *Toulman* v. *Swain*, 47 Mich. 82 (10 N. W. 117); *Ward* v. *Campau*, 161 Mich. 85, 88 (125

N. W. 734) ; *Zucker* v. *Karpeles,* 88 Mich. 413 (50 N. W. 373).

The questions offered come within these cases. The other assignments of error have been examined. We think them without merit.

Judgment is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.