TYLER v. WRIGHT.

1. TRIAL—SPECIAL VERDICT—QUESTIONS.

Special questions in ejectment so framed that, taken singly or as a whole, they call for findings that may be conclusive of the principal issue, should be submitted to the jury, if proper in form and in substance.

2. SAME—RES JUDICATA—EVIDENCE—ESCROW.

Plaintiff brought ejectment for a parcel of land that defendant claimed by adverse possession of her predecessor in title. In a suit brought by plaintiff's grantor prior to the ejectment proceedings, the court had adjudged a deed invalid that had been deposited in escrow with her father, defendant's said predecessor, by his wife to his daughter,

the court holding that the proof of a sufficient delivery was incomplete. It was again offered in evidence for the sole purpose of showing the attitude of the father, who received it in escrow. *Held*, that the former judgment, while conclusive of the validity of the instrument, did not bar proof of the mental attitude of the father in relation to any possible claim of title.

3. SAME—CHARGE—INSTRUCTIONS AS TO BURDEN OF PROOF—EVIDENCE.

In an action of ejectment instructions that the burden was on defendant to convince the jury by a "fair" preponderance of the evidence that the adverse holder had occupied the premises long enough to acquire title, while objectionable, because the court employed the word "fair," were not so prejudicial as to require reversal of the judgment for that cause.

4. EVIDENCE—RES JUDICATA—FORMER JUDGMENT—EJECTMENT.

It was error to receive in evidence the files, records and judgment entry of a former judgment in ejectment in the same cause, between the same parties; while it might be competent to show the defendant's omission to claim title by adverse possession at the first trial, as affecting her good faith in afterwards setting up that claim, the prior judgment ought not to have been brought to the notice of the jury; and it was not necessarily final of the issues raised upon the new trial.

Error to Berrien; Barton, J., presiding. Submitted January 13, 1915. (Docket No. 77.) Affirmed December 21, 1915. Reargued June 6, 1916. Former opinion reversed July 21, 1916.

Ejectment by Ida Newland Tyler against Addie Wright, Louis Pector, and Jacob Goodman. Judgment for plaintiff. Defendants bring error. Reversed.

*W. C. Hicks* and *W. J. Barnard,* for appellants.

*Gore & Harvey,* for appellee.

BIRD, J. Plaintiff filed a suit in ejectment to recover the possession of a portion of lot 6, block 23,

as shown by the original plat of the village (now city) of Benton Harbor. Judgment passed in her favor, and the defendants insist in this court that the judgment ought not to stand because of errors in the trial court.

It was conceded that John Thomas, Sr., owned the premises in fee, and that in May, 1863, he conveyed them to his wife, Katherine I. Thomas, who died intestate in August, 1885, leaving two children, a son and a daughter. The interests of these children were acquired by plaintiff, and are the basis of her claim in this suit. Defendant Addie Wright was in possession of the premises, and claimed the right to retain them by virtue of a life lease which she claims was executed and delivered to her by John Thomas, Sr., a short time prior to his death in August, 1901. She was unable, however, to produce the life lease upon the trial by reason of its having been mislaid or lost, but, instead, offered parol proof of its contents. For the purpose of showing the strength of the life lease, it was the claim of the defendants that John Thomas, Sr., had himself occupied said premises as his home and business place for many years, and that he acquired title thereto by adverse possession during the 16 years which elapsed between his wife's death and his own. It was conceded that plaintiff had the record title. For a further history of the litigation, see 164 Mich. 606 (130 N. W. 205); *Id.* 171 Mich. 579 (137 N. W. 212). The issues in the trial court were two: Did John Thomas, Sr., acquire title to the premises by adverse possession? Did John Thomas, Sr., execute a life lease to defendant Addie Wright?

1. The first assignment of error relates to the refusal of the trial court to submit five special questions tendered by defendants. The two about which the most complaint is made are:

(*a*) "Was John Thomas, Sr., from the death of his

wife in 1885, up to the time of his death in 1901, in the actual, continued, visible, notorious, distinct, and hostile possession of the premises described in plaintiff's declaration?"

(b) "Did John Thomas, Sr., prior to his death, make and deliver a life lease of the premises mentioned in plaintiff's declaration to Addie Wright?"

Had question (a) been submitted and answered in the affirmative, it would not have been inconsistent with the general verdict, because the inference would have been that the jury concluded that the life lease was not made and delivered to Addie Wright. Had question (b) been submitted and answered in the affirmative, no inconsistency would have followed, because the inference would then have arisen that the jury concluded that John Thomas, Sr., did not acquire title by adverse possession. Neither question, standing by itself, calls for an answer which would have been controlling. Under the statute which allows the submission of special questions they must be so framed as to call for an answer which may be controlling of the main issue. *Balch* v. *Railroad Co.*, 78 Mich. 654 (44 N. W. 151); *Cousins* v. *Railway Co.*, 96 Mich. 386, and note (56 N. W. 14); *Wells* v. *Railway Co.*, 184 Mich. 289 (151 N. W. 630).

As the other questions tendered were subject to the same infirmity, they need not be considered. We conclude that the refusal of the trial court to submit the questions tendered was not error.

2. The admission in evidence of a deed of these premises from Katherine I. Thomas to her daughter, Katherine Sullivan, in December, 1880, is the basis for an assignment of error. After her mother's death Mrs. Sullivan claimed title to these premises by virtue of this deed which it was claimed had been delivered to her father, with instructions from her mother to deliver it to her. Her brother contested her claim, and was successful in defeating it in this court, on

the ground that the proofs failed to show that the deed had been delivered to her father for her benefit. *Thomas* v. *Sullivan,* 138 Mich. 265 (101 N. W. 528).

Plaintiff's counsel offered this deed, and it was admitted against defendants' objection, together with certain statements made by John Thomas, Sr., concerning the deed. The objection to its admission was based upon the invalidity of the deed, it having been so determined by this court, and that therefore it was *res adjudicata,* and could not be again litigated. At the time the deed was offered counsel for the plaintiff stated that it was offered for the purpose of showing the mental attitude of John Thomas, Sr., and not for any other purpose. The trial court, in submitting the case to the jury, guarded it with this instruction:

"At the expense of repetition I may again call your attention to a certain bit of testimony which was admitted and which I will charge you concerning, that concerning the deed, which is argued pro and con, was offered and relied upon, and finally annulled by the Supreme Court. It matters not to you as to whether the Supreme Court nullified and set at naught that deed. The circumstances of the bringing together of the witnesses, and the discussion in the presence of John Thomas, Sr., and by him, of the deed itself, was allowed to show the mental attitude of John Thomas, Sr., with reference to the title of that land. Now, it was offered for that purpose, and no other. * * * For the purpose of giving you the opportunity of weighing his mental attitude so far as shown by that circumstance that evidence was offered and was admitted, and for no other purpose."

If the purpose of offering it had been to retry the old issue, undoubtedly counsel's objection would have been well taken. But it was not offered for that purpose. It was offered for the purpose of showing that what John Thomas, Sr., said with reference to the deed at that time was inconsistent with the claim that the defendant was making for him that he claimed to

own the premises. We think the testimony was competent for that purpose.

3. Exception is taken to that part of the charge in which the trial court said to the jury that it was the duty of the defendants to convince them by a fair preponderance of the evidence that John Thomas, Sr., acquired title to the premises by adverse possession. It is argued that, by qualifying the word "preponderance" by the adjective "fair," the jury were given to understand that something more than a preponderance of the evidence was necessary. The propriety of qualifying the word "preponderance" when used in a charge has been many times considered by this court. In *Elliott* v. *Van Buren*, 33 Mich. 49 (20 Am. Rep. 668), the language of the trial court complained of was that "the proof must be clear and conclusive." In *Monaghan* v. *Insurance Co.*, 53 Mich. 238 (18 N. W. 797), the court instructed the jury that "perhaps they ought to be well satisfied of the truth of the charge." In *Hoffman* v. *Loud*, 111 Mich. 156 (69 N. W. 231), the language complained of was "a clear preponderance of evidence." In *Worden Lumber, etc., Co.* v. *Railway Co.*, 168 Mich. 74 (133 N. W. 949), the jury were told that "plaintiff must establish by a preponderance of evidence clear and well defined." In *Silverstone* v. *Assurance Corporation*, 176 Mich. 525 (142 N. W. 776), the objectionable language was "proof which clearly convinces." In all of these cases the language was held to be objectionable, on the ground that the jury might have been misled into believing that it required something more than a preponderance of the evidence to establish the fact. It is carrying the refinement too far, we think, to say that the jury in this case were misled into a similar belief by the use of the word "fair." While it is true that there is a slight shade of difference between "preponderance" and a "fair preponderance," the qualification is so slight that

we can hardly presume that the average jury could be misled by it. It undoubtedly would have been better had the qualifying word been omitted, but we are not prepared to say that in this case it was serious enough to call for a reversal.

We find nothing in the remaining assignments which calls for a further consideration of the case.

The judgment of the trial court is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.

## ON REHEARING.

BIRD, J. Upon the rehearing in this case, counsel for defendants questioned the rule laid down by this court for the submission of special questions to the jury. In holding that the trial court was not in error in refusing to submit the proffered questions, it was said in the opinion:

"Neither question, standing by itself, calls for an answer which would have been controlling. Under the statute which allows the submission of special questions they must be so framed as to call for an answer which may be controlling of the main issue."

We were persuaded by the discussion had upon the rehearing that this construction given the statute (3 Comp. Laws, § 10237) was rather too restricted. While no express construction of this phase of the statute appears to have been made by this court, we are of the opinion that if the questions proposed, taken singly or as a whole, call for findings which might be controlling of the main issue, they should be submitted by the trial court. The questions in controversy, which are set out in the opinion, taken together, come

within this rule, and therefore should have been submitted. The statute appears to be mandatory that questions shall be submitted if proper in form and substance. *Zucker* v. *Karpeles,* 88 Mich. 413 (50 N. W. 373). For this error the judgment must be set aside and a new trial granted.

Inasmuch as the case must go back for retrial, another question will be adverted to. The files and judgment entry of a former judgment in ejectment between the same parties with reference to the same premises were received in evidence and read to the jury, over defendants' objection. Their admission was urged upon the ground that they showed the bad faith of the defendant Wright in claiming that her grantor had title by adverse possession, because she had not made that claim on the former trial, and for the further reason that it was a link in the chain of plaintiff's title. As bearing upon the good faith of the defendant, we see no objection to plaintiff showing by the pleadings or by the cross-examination of defendant that she did not make that claim on the former trial, but we doubt the propriety of permitting the judgment to be read to the jury. The jury should not be advised what the outcome of a former trial was, unless some good reason exists therefor, and none is apparent here. The record of the judgment was not competent on the other ground assigned, because a single judgment in ejectment is not necessarily final. *Rice* v. *Auditor General,* 30 Mich. 12.

Defendants will recover their costs in this court.

BROOKE, C. J., and PERSON, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.