Kopelke v. Kopelke.

No. 12,856.

## KOPELKE v. KOPELKE.

| | |
|---|---|
| 112 | 435. |
| 112 | 46 |
| 112 | 495 |
| 114 | 345 |
| 115 | 161 |
| 115 | 389 |
| 116 | 66 |
| 120 | 253 |
| 112 | 435 |
| 161 | 511 |
| 112 | 435 |
| d164 | 684 |
| 112 | 435 |
| 171 | 672 |

BILL OF EXCEPTIONS.—*Practice.*—*Leave of Court for Time in Which to Prepare Bill.*—Where, upon the overruling of a motion for a new trial, exceptions are taken at the time, and on the same day leave of court is asked and granted for a specified period of time beyond the term in which to file a bill of exceptions, within which time it is filed, it is properly in the record, although other proceedings in the cause intervened between the time of taking the exceptions and the leave of court granted for the filing of the bill.

SUPREME COURT.— *Verdict not Disturbed if Supported by Any Evidence.*— *Practice.*—The verdict of a jury, which has.met the approval of the trial court, will not be disturbed by the Supreme Court on the evidence merely, unless the record shows an absolute failure of evidence on some material point.

PROMISSORY NOTE.—*Rate of Interest.*—*Lex Loci Contractus.*—Where promissory notes, in which no interest is specified or contracted, are executed and payable in another State, or at some specified place therein, the liability of the maker as to all matters contracted for therein is governed and measured by the laws in force in that State.

SAME.—*Place of Payment.*—*Interest.*—*Damages.*—*Lex Fori.*—Where, however, promissory notes are payable generally, no place of payment being fixed, the general rule.is that the *lex fori* governs in the collection thereof; and where no interest has been provided for therein, the interest recoverable after a breach of the contract is recoverable, if allowed, as damages; and where interest is adjudged as damages upon such contracts, the rate of interest will be governed by the law of the place of suit.

INSTRUCTIONS TO JURY.—*Special Finding of Facts.*—*Request for.*—*Discretion of Court.*—*Practice.*—The question as to the time when a party shall make a request of the court to instruct the jury to find specially upon particular questions of fact, if they render a general verdict, is left by the code to the sound discretion of the trial court, and in the absence of an abuse of such discretion the action of that court will not be interfered with on appeal.

From the Jasper Circuit Court.

*M. F. Chilcote*, for appellant.

*E. P. Hammond*, for appellee.

HOWK, J.—In this case, errors have been assigned here by appellant, the defendant below, as follows:

1. The court below erred in overruling his motion for a new trial.

2. Error of the court in rendering judgment for appellee, over appellant's objections, for $503.66 and costs, the same being too large.

. The point is made by appellee's learned counsel, and is pressed with much earnestness, that the bill of exceptions containing the evidence "is not properly in the record." If counsel is correct in this position, it is manifest that no question would or could be presented for our decision by the record of this cause and the errors assigned thereon by the appellant. Upon this point counsel says: "We claim the bill of exceptions is not in the record, because, at the time of óverruling the motion for a new trial, time was not *then* given by the court in which to reduce the exception to writing." Upon this subject our civil code of practice, in section 626, R. S. 1881, provides as follows:

"The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court: * * * *Provided*, That if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing."

It is shown by the record of this cause that, on the 7th day of November, 1885, the same being the 18th judicial day of the October term, 1885, of the court below, the appellant filed his written motion for a new trial herein, "which motion the court now overrules, to which ruling of the court said defendant (appellant) excepts." Immediately following the language last quoted, the order-book entry of the same day's proceedings of the court in this cause, as copied into the record now before us, shows the judgment below in ap-

pellee's favor and against appellant for the damages assessed and costs, and then proceeds as follows: "And now said defendant objects to the rendering of said judgment on the ground that it is too large. And the defendant also calls the attention of the court to the answers of the jury herein to the interrogatories and the pleadings filed in this cause. And said defendant now prays an appeal to the Supreme Court, which appeal is granted by the court, on his filing his appeal bond within thirty days from this date, in the penalty of $750, with John Douch as surety therein, which bond and surety are approved by the court. And said defendant has leave of court, until and including the second day of the next term of this court, to file his bill of exceptions."

The entry of the proceedings of the court in this cause clearly shows that appellant excepted to the overruling of his motion for a new trial at the time such decision was made. But time was wanted by appellant beyond the term to reduce his exception to writing, and prepare and file his bill of exceptions. It is claimed by appellee's counsel, as we understand his argument, that in such case time must be asked for and given, at the time the decision is made and excepted to, within which to reduce the exceptions to writing. Counsel says: " If, as in the present case, other things, as the rendition of a judgment, objections to the judgment, praying and granting an appeal to the Supreme Court, approving the penalty and surety of a proposed appeal bond, and fixing the time in which the same is to be filed, intervene between the exception to the overruling of the motion for a new trial and the granting of time in which to file the bill of exceptions, then the last proceeding comes too late."

It seems to us, however, that appellee's learned counsel, in what we have last quoted from his brief herein, has placed a construction upon the language of section 626, above quoted, entirely too rigid for the purposes of a liberal practice. The authorities cited by counsel on this point, we think, lend no support whatever to his argument.

In *Jones* v. *Van Patten,* 3 Ind. 107, *Coan* v. *Grimes,* 63 Ind. 21, and *Dickson* v. *Rose,* 87 Ind. 103, it was simply held that, in the language of the statute, " the party objecting to the decision must except at the time the decision is made."

In *Goodwin* v. *Smith,* 72 Ind. 113, which was an application for a license to retail intoxicating liquor, the trial court having struck out the remonstrance filed before the county board, afterwards, over the applicant's objection, permitted the remonstrants to file an amended remonstrance, to which action of the court the applicant at the time excepted. On appeal, it was held here that the bill of exceptions did not properly present the action of the court complained of, because it did not contain the original remonstrance ; and it was added that it did not appear that time had ever been given to reduce the exception to writing.

In *Alcorn* v. *Morgan,* 77 Ind. 184, the exception was not reduced to writing at the time the decision was made, nor was time ever asked for reducing the exception to writing; but after the close of the term a bill of exceptions was filed, and it was held that such bill did not present the decision complained of.

In *Boyce* v. *Graham,* 91 Ind. 420, it was held that " the bill of exceptions filed within the time allowed for the filing of bills upon the overruling of the motion for a new trial does not take up and embrace motions made during the framing of issues in cases where the bill is not filed during the term."

We have now examined all the cases cited by appellee's counsel upon the question under consideration, and have shown, we think, that in none of them does the point actually decided lend any support to the position of counsel or his argument in the case in hand.

Counsel has cited us to no case, and we know of none, in which it has been held that where, as here, the order-book entry of the same day's proceedings of the court in the cause shows the decision complained of, the exception thereto at

the time, and the leave of court for a specified period of time in which to file the bill of exceptions, the leave granted for the last named purpose will come too late, and be of no avail, if it appear from such entry that other things or steps in the cause have intervened between the exception to the decision and the giving of time to reduce the exception to writing. Such a decision is not required by any fair construction of the provisions of section 626, above quoted. The order-book entry in the cause, the substance of which we have heretofore given, sufficiently shows that not only did the appellant except at the time to the overruling of his motion for a new trial, but that time was then given him to reduce the exception to writing beyond the term by special leave of the court. Within the time so given the bill of exceptions was filed. It is, therefore, a proper part of the record of this cause, and must be considered as such in the decision of the questions presented by the error assigned by appellant upon the overruling of his motion for a new trial.

Before considering any of the questions presented for decision, it may be premised that this suit was commenced in the Lake Circuit Court on June 16th, 1882, by the appellee against the appellant. Appellee's complaint counted upon two promissory notes, alleged to have been executed by appellant and payable to appellee, one for $200, dated February 2d, 1876, due in two years from date, and the other for $100, dated June 29th, 1876, due in one year after date ; which notes, it was alleged, were then unlawfully in appellant's possession, or had been unlawfully destroyed by him, and, therefore, copies thereof could not be filed with the complaint, etc.

In another paragraph appellee sued appellant upon an open account for cash, amounting in the aggregate to $147. Appellant answered by a general denial of the account, and to the notes in suit he pleaded want of consideration and, also, an accord and satisfaction ; and he filed a set-off, based upon his services as an attorney rendered appellee in Michigan.

Appellee replied by a general denial. The venue of the cause was changed to the court below, and the issues joined were there tried by a jury, and a general verdict was returned for appellee, assessing his damages in the sum of $503.66; and over appellant's motion for a new trial judgment was rendered accordingly.

A number of causes for a new trial were assigned by appellant, in his motion therefor. His counsel has devoted a considerable portion of his argument to the discussion of the alleged insufficiency of the evidence to sustain the verdict. It is not claimed that there is no evidence in the record tending to sustain the verdict on every material point; but an elaborate effort is made to show that the statements of appellee, who was a witness on the trial, in regard to his dealings with appellant, were inconsistent, contradictory and unworthy of belief. These were matters for the consideration of the jury and the trial court, whose opportunities for determining as to the credibility of a witness in the cause, and as to the proper weight to be given to his testimony, are far better than those of an appellate court. It has long been settled by our decisions that the verdict of a jury which has met the approval of the trial court will not be disturbed here on the evidence merely, unless the record shows an absolute failure of evidence on some material point. *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Cornelius* v. *Coughlin*, 86 Ind. 461; *Beck* v. *Bundy*, 92 Ind. 145.

Appellant's counsel earnestly insists that the jury erred in their assessment of the amount of appellee's recovery, and that the damages assessed were excessive, in that the jury, as shown by their answers to the interrogatories propounded to them, allowed appellee six per cent. interest on the notes in suit after their respective maturity; whereas, as counsel claims, appellee was not entitled under the law to any interest on such notes. This conclusion is arrived at by counsel, and is sought to be enforced here, by arguments more ingenious than forcible. The notes were executed in the

State of Michigan; they were payable generally, and no place of payment nor rate of interest was specified therein. It is contended by appellant's counsel that the notes in suit were Michigan contracts, and that the questions as to whether the notes would bear interest after maturity, and, if so, at what rate, could only be decided by the laws of Michigan; or, in other words, that the *lex loci contractus*, and not the *lex fori*, must govern in the decision of those questions. It is further contended that, as no statute of Michigan on the subject was either pleaded or given in evidence, we must presume that the common law prevailed in that State; and that at common law the right to recover interest for the loan or forbearance of money had no existence.

The fundamental error in the contention of appellant's counsel, upon the question we are now considering, as it seems to us, lies in the assumption (1) that the notes in suit are, strictly speaking, Michigan contracts, and (2) that if they were such contracts the rate of interest thereon (no interest being specified or contracted for therein) would be governed by the statutes of the State of Michigan, and not by the laws of the State wherein they were sued upon. If the notes in suit had, in terms, been made payable in the State of Michigan, or at some specified place therein, it might well be said, we think, that they were Michigan contracts, and that appellant's liability thereon, as to all matters contracted for therein, should be governed and measured by the laws in force in that State. This is the doctrine of our decisions. *Hunt* v. *Standart*, 15 Ind. 33 (77 Am. Dec. 33); *Browning* v. *Merritt*, 61 Ind. 425; *Gray* v. *State, ex rel.*, 72 Ind. 567.

Here, however, the notes sued upon were not, in terms, made payable at any specified place in the State of Michigan or elsewhere. One of them was dated at Ann Arbor, Michigan, and the other was dated at Crown Point, in this State, but both of them were delivered to appellee, the payee thereof, in the State of Michigan. They were each payable

generally, and each of them was wholly silent upon the sub-
ject of interest.    Notes thus payable are payable every-
where, and as a general rule the *lex fori,* and not the *lex loci
contractus,* governs in the collection thereof.    *Engler* v. *Ellis,*
16 Ind. 475.

Upon such notes, where no interest has been contracted
for, the interest recoverable after the breach of the contract
is recoverable, if allowed, as damages; and, where interest
is adjudged as damages upon such contracts, the rate of in-
terest will be governed by the law of the place of the suit.
*Shaw* v. *Rigby,* 84 Ind. 375 (43 Am. R. 96); *Goddard* v.
*Foster,* 17 Wall. 123; *Porter* v. *Munger,* 22 Vt. 191, 196;
Bishop Cont., section 741; Story Conf. of Laws. (7th ed.),
section 296*a;* sections 5198 and 5200, R. S. 1881.

A large number of rulings of the court below, in relation
to the admission or exclusion of offered evidence, were ex-
cepted to at the time by the appellant, and were severally
assigned by him as causes for a new trial in his motion there-
for.    These rulings have been ably and elaborately discussed
by the learned counsel of appellant and appellee.    We have
carefully examined and considered each of the rulings com-
plained of, and the arguments of counsel for and against the
same, and we have reached the conclusion that there is no
such error in any of such rulings as would, authorize or re-
quire the reversal of the judgment.    To set out and comment
on these rulings separately would extend this opinion to an
unreasonable length, and we fail to see that any good pur-
pose would be subserved thereby.    The objections urged to
some of the rulings complained of seem to us almost trivial,
and we think that none of such rulings were erroneous.

The trial court, at appellee's request, submitted to the jury
a number of questions of fact to be answered by them if they
rendered a general verdict.    Appellant objected to the sub-
mission of such questions to the jury, for the reason that they
had not been submitted in time, and because he and his coun-
sel had no time then to consider them.    The court overruled

such objection, and announced that it would require the jury to answer such questions, to which action of the court appellant at the time excepted.

It is claimed by appellant's counsel that this action of the court was error, for which the judgment below should be reversed. It is shown by the record that, after the evidence was all given, and before the argument was commenced, appellee's counsel handed such questions of fact to the court, and asked that the jury should be required to answer the questions if they rendered a general verdict, and that none of such questions had, before that time, been shown to appellant or his counsel.

Our code provides that the trial court, " in all cases, when requested by either party, shall instruct them," (the jury) " if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing." Section 546, R. S. 1881.

It will be seen from these provisions that the code, while it imperatively requires the court, at the request of either party, to instruct the jury, if they render a general verdict, to find specially upon particular questions of fact stated in writing, does not prescribe the time when such request shall be made, or when such written questions of fact must be presented to the court. Manifestly, these matters are left by the code, and properly so, we think, to the sound discretion of the trial court. We can not say that the court, in its action now complained of, abused its discretion, nor can we say that such action was erroneous.

Appellant also objected specially to seven of the questions of fact, by their numbers, " for the reasons that each was impertinent, presented matters to the jury that were not within the issues, and thereby misdirected their minds, called for the opinion of the jury on immaterial subjects, presented matters of law to them for their decision, and presented to them the question of the plaintiff's intention as the one determining the decision of the case."

Appellant's objections to the questions numbered were overruled by the court, and to this ruling he excepted at the time. We are of opinion that there is no available error in this ruling of the court. A careful examination of each of the questions of fact specially objected to has led us to the conclusion that the reasons assigned by appellant in support of such objections were not applicable to any one of such questions of fact, and that his objections, therefore, were correctly overruled as to all such questions.

Appellant's counsel complains of the refusal of the court to instruct the jury, at his request, to the effect, substantially, that, if they found for appellee upon the notes in suit, he could not recover any interest thereon. We have already said all that we desire to say on this interest question. Under the law of this State, which, as we have seen, governed the decision of this question in our courts, appellee was entitled to recover interest upon the notes in suit, after their maturity, as damages, "at the rate of six dollars a year on one hundred dollars." Section 5200, *supra.* There was no error, therefore, in the court's refusal to instruct the jury as requested by appellant.

Appellant's counsel also complains in argument of some instructions given by the court of its own motion, and of other instructions given at appellee's request. It is settled by our decisions that the instructions of the court to a jury must be considered here with reference to each other, and as an entirety; and if, when thus considered, they contain a full, fair and correct statement of the law applicable to the issues and the evidence in the cause, and are not calculated to mislead the jury, the judgment will not be reversed because of mere inaccuracies or loose expressions in such instructions separately considered. *Deig* v. *Morehead,* 110 Ind. 451, and cases cited.

Applying this doctrine to the instructions given in the case under consideration, after a thorough examination of all the instructions given by the court of its own motion and at the

request of the parties respectively, we are of opinion that, as :an entirety, they presented the law of this case to the jury fully and fairly to the appellant as well as the appellee, and that there was no error in any of ·such instructions which would authorize or require the reversal of the judgment.

The cause seems to have been fairly tried. The matters in controversy depended for their decision in the main upon the testimony of the parties to the record; and they differed, *toto cœlo,* in their testimony in regard to their business trans- actions with each other. The credibility of the witnesses, and the weight to be given their evidence, of course, were questions for the jury and the trial court.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Nov. 1, 1887; petition for a rehearing overruled Dec. 29, 1887.