(Decided March 26, 1895.)

THE BALTIMORE TRACTION COMPANY *vs.* JOHN CONRAD APPEL.

*Special Findings of Fact—When Request for them to be Made—Contributory Negligence—Driving Across Tracks of Street Railway Company.*

When a party asks to have the jury instructed to render a special finding concerning a material fact, under the Act of 1894, chap. 185, the request should be made at the time the prayers are submitted. It is too late to present such request after the close of the argument, and when the jury are about to retire.

Plaintiff drove in a wagon slowly across the tracks of the defendant, a street electric railway company, and was struck by a car which he first saw approaching when about three hundred feet distant. In an action to recover damages, *Held*, that the jury were properly instructed that if the plaintiff was guilty of the want of ordinary care in attempting to cross the tracks of the defendant under the circumstances of the case, then he is not entitled to recover, unless they believe from the evidence that the motorman could have avoided the accident by the use of ordinary care after he saw, or by the use of ordinary care might have seen, that the plaintiff was on the track and was in danger of being struck by the car.

The evidence in this case being conflicting as to whether the motorman rang the gong before the collision, or made an effort to avoid the same after seeing that the plaintiff was in a position of peril, the plaintiff's conduct was not such contributory negligence in law as to justify the trial Court in withdrawing the case from the jury.

Appeal from the Superior Court of Baltimore City. The evidence showed that the plaintiff, driving east in a one-horse wagon, on an intersecting street, came to Charles street, where

are the double tracks of the defendant, an electric railway company. When his horse reached the first, or western track, plaintiff looked south and saw a car about 337 ft. distant coming north on the second or eastern track. Plaintiff kept on, and the car, continuing its course, struck the hind wheel of plaintiff's wagon, throwing him out and causing serious injury. When plaintiff's horse reached the second track, the car was distant about one hundred feet. The testimony on the part of the plaintiff was further to the effect that no bell was rung; that the motorman did not endeavor to stop the car, but that he could have done so, and that plaintiff was going at the rate of about three miles an hour. The defendant's evidence was that the motorman made every effort to stop the car when he saw that plaintiff was on the track and a collision imminent; that the gong was constantly rung and cries of warning uttered by the motorman, and that the plaintiff, just before the accident, was not looking in the direction of the car and had the reins hanging loosely down.

The plaintiff offered five prayers. The first, to the effect that if the accident was caused by the negligence of the defendant's motorman, then the plaintiff is entitled to recover; the second, that the burden of establishing the contributory negligence of the plaintiff is on the defendant; the third, that if the motorman could have seen that the plaintiff did not hear or comprehend the signals given, then it was his duty to stop the car; the fourth, that even if the plaintiff was guilty of contributory negligence, yet he is entitled to recover if the motorman could have avoided the injury by the use of ordinary care, after he saw, or might have seen, that the plaintiff was in danger.

The defendant offered twelve prayers. The first and third, to the effect that since the uncontradicted testimony showed that the accident was caused by the plaintiff's contributory negligence, the verdict must be for the defendant; the second, that there was no evidence of negligence on the part of the defendant; the fifth, that if the motorman did

everything possible to stop the car when he saw that the plaintiff had put himself in a position of peril, the verdict must be for the defendant; the sixth, that the burden or proof to show negligence is on the plaintiff; the twelfth related to the imperfect condition of the car under the second count of the declaration; the eleventh, that if "the jury shall find that the plaintiff drove across the tracks of the defendant in front of a moving car which he saw was coming with the rapidity and at the distance testified to by him, and was struck by the car; and if they shall further find that the plaintiff did not watch the car, and that had the plaintiff watched the car he could have seen either that the motorman was not going to stop the car or could not stop the car in time to prevent a collision, and could have avoided a collision by whipping his horse or by the use of any diligence whatever, they are instructed that he was guilty of contributory negligence, and their verdict must be for the defendant; and there is no evidence to show that the plaintiff did whip his horse or use any diligence whatever." The other prayers were to the effect that the act of the plaintiff in driving his wagon slowly in front of a rapidly moving car, which he plainly saw approaching, was such contributory negligence as to bar recovery, unless defendant failed to exercise reasonable care under the circumstances or was guilty of wanton neglect.

The Court below (RITCHIE, J.), granted all the prayers offered by the plaintiff, except the third, which it rejected, and rejected all the prayers offered by the defendant, except the twelfth, which it granted, and in lieu of the defendant's rejected prayers the Court granted the following instruction of its own:

" If the jury find that the plaintiff was guilty of the want of reasonable and ordinary care in attempting to cross the tracks of the defendant under the circumstances testified to, then he is not entitled to recover unless they believe from the evidence that the motorman could have avoided the accident by the use of ordinary care after he saw, or by the

use of ordinary care might have seen, that the plaintiff was on the track and was in danger of being struck by the car."

After the argument of counsel before the jury, the defendant prayed the Court to submit the following interrogatories to the jury, to be answered by them: I. Could the motorman of the defendant, after he discovered the peril of the plaintiff, have stopped his car in time to prevent the accident while the wagon of the plaintiff was crossing the track at the speed at which said wagon was going? II. Did the motorman use reasonable care to stop the car after he became aware of the plaintiff's peril? III. Could the motorman have stopped the car in time to avert the accident? IV. Could the plaintiff have averted the accident by the use of ordinary care?

And the Court refused to submit said interrogatories, and passed the following order thereon, viz.:

" The Court declines to submit the above interrogatories: 1st. Because they are substantially covered by the instruction given; 2nd. Because not·having been submitted until the arguments to the jury have been concluded and the jury is about to retire, they are too late.    Albert Ritchie."

The defendant excepted to the refusal of the Court to submit said interrogatories to the jury, as well as to its action in granting the above-mentioned instructions and refusing the defendant's prayers.    The jury returned a verdict for the plaintiff, for $700, and from the judgment thereon the defendant appealed.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Edward Duffy*, for the appellant.

The plaintiff says the reason he crossed was because he had plenty of time, and that he could have made his horse go faster.    If he had been three or four feet farther on, he would not have been struck.    Now, if the plaintiff admits that he had plenty of time to get across, and that he could

have gotten across, had he hurried, surely it cannot be that the motorman was negligent in not stopping. If the plaintiff had plenty of time to get out of the way, the motorman had the right to assume that he would make use of his time.

But concede, for the sake of the argument, that the motorman was negligent in not stopping. This, if true, cannot help the plaintiff's case. Then the facts may be stated thus: The plaintiff, seeing a car coming towards him at a rapid rate of speed, attempts to cross in front of it; he has time to cross, and can hurry, but does not; he sees the car, or can see it if he chose to look, up to the time of the collision; he therefore sees, or can see, that the motorman is making no effort to stop, and he can see that no effort is being made, when the car is ten, fifteen, or twenty feet away from him, at which time he has but a few feet to go, to avoid a collision. A collision takes place. Does such collision happen by reason of the defendant's negligence, any more than by reason of the plaintiff's? Can it be said for one moment that this was not a glaring act of negligence, and that the accident happened by reason of such negligence? *Dyrenfurth's case,* 73 Md. 374; *Carson* v. *Rwy.,* 147 Pa. St. 219; *Ehrsman* v. *Rwy.,* 150 Pa. St. 180; *Thomas* v. *Rwy.,* 132 Pa. St. 504; *Mercier* v. *Rwy.,* 23 La. An. 264; *Davidson* v. *Rwy.,* 35 Pac. Rep. 920; *Ward* v. *Rwy.,* 17 N. Y. Supp. 427; *Scott* v. *Rwy.,* 16 N. Y. Supp. 350.

The jury should have been told that to go in front of a car when it is a square off and to go so slow that you are still on the track when the car reaches you, is not only being guilty of the want of ordinary care, but is contributory negligence. It is therefore submitted that the Court did not instruct the jury as fully as the defendant was entitled to have them instructed with regard to the particular facts. *Steever's case,* 72 Md. 150, 159; *Ringgold's case,* 78 Md. 409; *Mali's case,* 66 Md. 53.

If the plaintiff was not guilty of contributory negligence,

then the 5th prayer set forth the law of the case properly. Then, again, the Court refused the defendant 6th prayer's on the burden of proof. This prayer was a correct statement of the law, and the defendant was entitled to have the jury told where the burden of proof in the first instance lay, as well as the plaintiff was entitled to have them told where the burden of proof of contributory negligence lay, which was done by the plaintiff's 2d prayer. *R. R.* v. *Stebbing*, 62 Md. 504, 515 ; *Whiteford* v. *Burckmyer*, 1 G. 144.

The fact that the interrogatories are practically covered by the instructions can be no reason for their refusal. The statute fixes no time when they shall be submitted. Why, then, is it too late to submit them after argument?

*C. D. McFarland* (with whom were *Emil Budnitz* and *Peter J. Campbell* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellee brought suit against the appellant, a street railway company operating its lines in the city of Baltimore, for injuries sustained by reason of the negligence of one of its employees while propelling an electric car on the public streets of that city. The case was tried before a jury and, the judgment being for the plaintiff, the company has appealed. The questions arise solely upon exceptions to the rulings of the Court upon the prayers and a construction of the Act of 1894, chapter 185, relating to "Special Findings of Facts by Court or Jury."

Upon the close of the plaintiff's testimony, the Court was asked to withdraw the case from the jury ; first, because of the contributing negligence of the plaintiff; and secondly, because there was no legally sufficient evidence to entitle the plaintiff to recover. And the failure of the Court to so instruct the jury forms the basis of the first bill of exception. In refusing to grant these prayers or either of them, the Court committed no error, because there was evidence, if the jury believed it, to entitle the plaintiff to recover.

The Court having refused at this point of the case to take the case from the jury, the appellant offered its evidence, and the second exception embraces the rulings of the Court at the close of the testimony upon the prayers of both plaintiff and defendant. There were seventeen prayers in all. The first, second, fourth and fifth prayers of the plaintiff were granted and the third rejected. All of the defendant's prayers were rejected except its twelfth, and the Court granted in lieu of the rejected prayers an instruction of its own, which we will hereafter consider.

The first, second and fourth prayers of the plaintiff were properly granted, and have been approved in recent street railway cases decided by this Court. *Baltimore Traction Co.* v. *Wallace*, 77 Md. 435 ; *Central Railway Co.* v. *Coleman, ante,* p. 328 ; *Arnreich's case,* 78 Md. 589 ; *Cooke* v. *Traction Co., ante,* p. 551.

The fifth prayer related to the measure of damages in the event of a verdict for the plaintiff, and was not seriously controverted by the defendant.

By the first, second and third prayers of the defendant, which had been previously rejected, the question as to what constitutes contributory negligence, was sought again to be made one of law for the Court rather than one of fact for the jury to determine, upon the facts of the case. This Court has repeatedly decided that the question of negligence or the want of ordinary care where there was a contrariety of evidence in cases like the one here presented, is one of fact for the jury. This is the approved doctrine both in England and this country, and we deem it unnecessary to refer again to the adjudicated cases bearing upon it. As already stated, these prayers, under the facts of this case, were properly rejected.

The prayer granted by the Court in lieu of the other rejected prayers of the defendant fully and fairly covered the law of the case. It told the jury that if the plaintiff was guilty of the want of reasonable and ordinary care in attempting to cross the tracks of the defendant under the

circumstances of this case, then he is not entitled to recover, unless the motorman could have avoided the accident by the use of ordinary care after he saw, or by the use of ordinary care might have seen, that the plaintiff was on the track, and was in danger of being struck by the car.

The third bill of exception involves an important question of practice under the Act of 1894, chapter 185, allowing in this State special findings of fact, in all cases where issues of fact are submitted to Court or jury. This Act provides that: "In all cases where issues of fact are submitted to a jury the Court may, at its own discretion, or shall, at the request of either party, require the jury, in addition to rendering a general verdict for the plaintiff or defendant, to find specially upon any particular questions of facts material to the issues on trial, which questions shall be in writing; and in all cases at law where issues of facts are tried before a Court without a jury, the said Court, at the written request of either party, find specially upon any question of fact which it may deem necessary to be determined in order to arrive at its verdict. All such special finding of facts, whether by the jury or by the Court, shall be in writing, and must be filed with the Clerk as part of the record of the case, and in civil cases, where a special finding of facts shall be inconsistent with the general verdict rendered at the same trial, the former shall control the latter and the Court must give judgment accordingly; but nothing herein contained shall limit the Court's power to grant a new trial or to arrest judgment on motion."

In the case before us, the Court refused to submit the special questions, because they were too late, not having been requested until after the arguments had been concluded and the jury were about to retire. It will be observed that while the statute imperatively requires the Court, at the request of either party, to instruct the jury, in addition to rendering a general verdict, to find specially upon particular questions of fact, material to the issue, yet it nowhere prescribes the time when the request shall be

made or when they shall be presented to the Court. It is clear, then, that the law leaves it to the sound discretion of the trial Court. The Supreme Court of Indiana so held in the case of *Kopelke* v. *Kopelke*, 112 Ind. 435, and reaffirmed in *Hartlep et al.* v. *Cole*, 120 Ind. 253, in construing a similar statute. And to the same effect is *Thompson on Trials*, page 2021.

The better practice, we think, independent of any rule of Court, would be to make the request at the time of the submission of the prayers; certainly not later. Manifestly it is too late, after the close of the argument and the jury about to retire. The action of the Court in rejecting the request in this case was not error.

Finding no reversible error in any of the rulings of the Court upon either the prayers or special findings of fact, and as the case was properly submitted, we shall affirm the judgment.

*Judgment affirmed with costs.*

(Decided March 26th, 1895.)