Zimmerman, J.
 

 Of course the plaintiff is asking for a reversal of the judgment of the Court of Appeals and an affirmance of that of the trial court. The defendant, on a cross assignment of errors, is asking for final judgment in his favor, for the principal reason that neither the petition nor the evidence discloses wanton or wilful misconduct on the part of the deT fendant at the time of the collision and, in the event final judgment is denied, an affirmance of the judgment of the Court of Appeals.
 

 No motion or demurrer was filed to the petition, but its insufficiency was unsuccessfully challenged at the close of plaintiff’s opening statement to the jury and again at the conclusion of plaintiff’s case in chief. Giving the petition the liberal construction enjoined
 
 *6
 
 by Section 11345, General Code, we think.it contains allegations sufficient to support the claim of wilful or wanton misconduct made against the defendant, under Section 6308-6, General Code. A pleading must be construed as an entirety, and effect given to every well-pleaded allegation. Upon review every pleading should be considered as aided by the entire record.
 
 Hadfield-Penfield Steel Co.
 
 v.
 
 Shelter,
 
 108 Ohio St., 106, 112, 141 N. E., 89, 91. See
 
 Parletto
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 12, 15, 42 N. E. (2d), 153, 155.
 

 ■ It is also our opinion that competent evidence was introduced from which the jury could reasonably have found'that the behavior of the defendant in driving his automobile constituted at least wanton misconduct which continued until the unfortunate impact with the post. See
 
 Jenkins
 
 v.
 
 Sharp,
 
 140 Ohio St., 80, 42 N. E. (2d), 755.
 

 The special instruction submitted to the jury at the instance of plaintiff has the objectionable feature of stating an abstract proposition of law and might have been refused by the trial court
 
 sua sponte
 
 for that reason.. Such instruction, however, was predicated upon language used in the case of
 
 Morrow
 
 v.
 
 Hume, Admx.,
 
 131 Ohio St., 319, 324, 3 N. E. (2d), 39, 41, and repeated in the later cases of
 
 Akers
 
 v.
 
 Stirn,
 
 136 Ohio St., 245, 249, 25 N. E. (2d), 286, 289, and
 
 Jenkins
 
 v.
 
 Sharp,
 
 140 Ohio St., 80, 83, 42 N. E. (2d), 755, 757. It is a correct general propostion of law pertaining to wanton misconduct, and is not of such a character in the form presented that the trial court committed reversible error in giving it.
 

 Moreover, under subdivision 5 of Section 11420-1, General Code, special instructions in writing are presented to the court at the conclusion of the evidence in a case. If a party believes a tendered instruction does not contain a correct or applicable statement of the law, he should note an objection in order to predicate
 
 *7
 
 error upon the giving of such instruction. Section 11560, General Code. As has already been indicated, counsel for the defendant did not object to, or in any way express disapproval of, the special instruction proposed by the plaintiff.
 

 We have examined the general charge. In our opinion, it contains no error of commission of a serious or prejudicial nature. When the reading of such charge was completed, the court asked: “Is there anything else, gentlemen?” To which inquiry no response was made.
 

 The remaining question to be considered has to do with the refusal of the trial court to submit to the jury the interrogatory offered by the defendant immediately before the jury retired for its deliberations.
 

 Section 114.20-17, General Code, provides in part:
 

 “When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon.”
 

 It was held in the case of
 
 Toledo & Ohio Central Ry. Co.
 
 v.
 
 Beard, Admr.,
 
 20 C. C., 681, 11 C. D., 406, affirmed without opinion in 59 Ohio St., 615, 54 N. E., 1098, that proper requests for special findings of fact presented at any time before the jury retires must be submitted. This decision stands almost alone, if not entirely so, and is opposed to the decided weight of authority. Another Circuit Court appears to have entertained a somewhat different view in
 
 P., C., C. & St. L. Ry. Co.
 
 v.
 
 Kelly,
 
 12 C. C., 341, 346, 5 C. D., 662, 665, affirmed without opinion in 53 Ohio St., 667, 44 N. E., 1145.
 

 Section 11420-17, General Code, was adopted from the Indiana statute on the same subject. 39 Ohio Jurisprudence, 1146, Section 416. In the case of
 
 Kopelke
 
 
 *8
 
 v.
 
 Kopelke,
 
 112 Ind., 435, 443, 13 N. E., 695, 699, the court said:
 

 “Our code provides that the trial court, ‘in all cases, when requested by either party, shall instruct them,’ (the jury) ‘if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing.’ # # *
 

 “It will be seen from these provisions that the code, while it imperatively requires the court, at the request of either party, to instruct the jury, if they render a general verdict, to find specially upon particular questions of fact stated in writing, does not prescribe the time when such requests shall be made, or when such written questions of fact must be presented to the court. Manifestly, these matters are left by the code, and properly so, we think, to the sound discretion of the trial court. ’ ’
 

 Where there is no provision of law fixing the time when special interrogatories are to be tendered, interrogatories not suggested or tendered until the jury is about to enter upon its deliberations are so late that they may properly be refused.
 
 Union Rd. Transfer & Stock-Yard Co.
 
 v.
 
 Moore,
 
 80 Ind., 458;
 
 Webb
 
 v.
 
 Boulanger,
 
 116 Kan., 711, 229 P., 754;
 
 Baltimore Traction Co.
 
 v.
 
 Appel,
 
 80 Md., 603, 31 A., 964;
 
 Neeley
 
 v.
 
 Stratton,
 
 185 Mich., 409, 151 N. W., 1045;
 
 Peninsular Land Transp. & Mfg. Co.
 
 v.
 
 Franklin Ins. Co.,
 
 35 W. Va., 666, 14 S. E., 237; 64 Corpus Juris, 1142, Section 935.
 

 Passing from the question as to the timeliness of counsel’s request for the submission of the special interrogatory, was it otherwise wrong to refuse it?
 

 While a “disposition to perversity” is an element of wanton misconduct
 
 (Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567, 200 N. E., 843), wantonness also involves an entire absence of care for the safety of others and an indifference to consequences.
 
 Re
 
 
 *9
 

 serve Trucking Co.
 
 v.
 
 Fairchild,
 
 128 Ohio St., 519, 191 N. E., 745.
 

 If the interrogatory had been submitted and the jury had replied in the negative, such answer would have amounted only to a declaration that defendant was not guilty of conduct manifesting a perversity of mind
 
 at or immediately before the contact with the Michael car.
 
 The interrogatory as framed confined defendant’s “perversity of mind” to a very short space of time. Left out of the equation was the general attitude of the defendant persistently displayed throughout the ill fated journey, which plaintiff’s evidence tended to establish and which was claimed to have been a factor directly contributing to the disastrous collision with the post.
 

 This court held in the case of
 
 Woodruff
 
 v.
 
 Paschen,
 
 105 Ohio St., 396, 137 N. E., 867, that special interrogatories which are so restricted as to time and events that answers thereto would not test the general verdict, may be rejected.
 

 Section 11420-17, G-eneral Code, contemplates interrogatories the replies to which will establish ultimate and determinative facts, or interrogatories which will elicit probative facts from which ultimate and determinative facts may be inferred as a matter of law.
 
 Schweinfurth, Admr.,
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 60 Ohio St., 215, 54 N. E., 89;
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 64 N. E., 437; 39 Ohio Jurisprudence, 1156, Section 426.
 

 In our opinion a negative answer to the interrogatory proposed would not have been irreconcilable with a general verdict for the plaintiff, and the rule is well settled that a refusal to submit special interrogatories, the'responses to which would not control the result or affect the general verdict, is not error.
 

 Although we do not go so far as to hold that it would have been improper to have given the jury the re
 
 *10
 
 quested interrogatory
 
 (Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 405, 64 N. E., 437, 438), we do say that the refusal to do so was not reversible error under the circumstances.
 

 It follows that the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.