**HAMM et al., Appellants,**

**v.**

**McCARTY, Appellee.**

[Cite as *Hamm v. McCarty* (1988), 61 Ohio App.3d 623.]

Court of Appeals of Ohio,
Medina County.

No. 1716.

Decided Dec. 21, 1988.

*Bruce H. Wilson,* for appellants.

*David W. Hilkert,* for appellee.

CACIOPPO, Judge.

Plaintiff-appellant, William Hamm, appeals from a judgment denying relief on a personal injury claim.

Late on the evening of August 22, 1986, Hamm was severely injured in an automobile collision involving defendant-appellee, John McCarty. The accident occurred at the intersection of Route 94 and Reimer Road in Wadsworth. McCarty was traveling north on Route 94, where the posted speed limit was thirty-five miles per hour. Hamm was traveling east on Reimer Road which ends in a "T" intersection at Route 94, where a stop sign is posted for the Reimer Road traffic. Hamm was driving a Chevrolet Citation and had three passengers in the car when he was struck broadside by McCarty.

The evidence adduced at trial showed that McCarty had been drinking that evening, and a blood-alcohol test showed a result of .20 percent of alcohol by weight. There was also testimony from various witnesses as to the speed of McCarty's vehicle at the time of the impact. McCarty's passenger testified that McCarty was traveling at approximately forty miles per hour, while Dr. David Uric, the plaintiff's expert on reconstruction of automobile collisions, estimated McCarty's speed to have been between fifty-four and sixty-two miles per hour.

Steven Lance, a passenger in Hamm's vehicle, testified on cross-examination that, when they came to the stop sign, he could see the headlights of McCarty's approaching car; Hamm never stopped, but rather proceeded through the intersection at approximately twenty miles per hour and the collision occurred. Steven Lance also stated that Hamm had failed to heed stop signs at the two intersections just before the intersection at Route 94.

In his complaint, Hamm alleged that McCarty was negligent and reckless in the operation of his vehicle, and sought compensatory as well as punitive damages. During the jury trial, Hamm attempted to introduce the testimony of Jeff Lance and Kevin Homonai to support his allegations concerning McCarty's state of mind. Jeff Lance and Homonai were to testify that just prior to the collision, at an intersection less than one mile before the location of the accident, McCarty had driven through a red light at high speed. Defense counsel objected to the testimony as being irrelevant, and the trial court sustained the objection on that basis. Jeff Lance and Homonai were permitted to testify as to McCarty's speed, but not to the fact that McCarty had driven through the light.

At the close of the plaintiff's case, defense counsel moved for a directed verdict on the issue of punitive damages due to lack of evidence upon which

the court could submit the issue to the jury. The trial court granted the motion on these grounds.

The jury was instructed, *inter alia,* on the law of comparative negligence. In response to the interrogatories submitted, the jury found the defendant negligent and found that negligence to be a direct and proximate cause of Hamm's injuries. The jury further found that the plaintiff was negligent, that his negligence was a direct and proximate cause of his injuries, and that the plaintiff's negligence was greater than that of the defendant.[1] Thus, Hamm was denied recovery and now appeals.

### Assignment of Error I

"The court erred by refusing the plaintiff's proffer of testimony from two witnesses that the defendant had failed to stop at a red traffic light approximately one quarter of a mile from the accident intersection."

Hamm contends that it was error for the trial court to exclude the testimony of Lance and Homonai as to the fact that McCarty had driven through a red light less than a mile before the accident. We agree that the trial court's exclusion on the basis of irrelevance was improper.

Evid.R. 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

At the time the evidence was proffered, plaintiff's counsel stated that defendant's disregard for the light would tend to show a "perverse attitude toward the safety and well being of not only the persons he ran into, but his own passenger * * *." We agree that the evidence was relevant to the issue of McCarty's state of mind. In *Kennard v. Palmer* (1943), 39 Ohio Law Abs. 429, 53 N.E.2d 652, reversed on other grounds (1944), 143 Ohio St. 1, 27 O.O. 554, 53 N.E.2d 908, the defendant driver argued that evidence of the manner of his driving immediately prior to an accident was improperly admitted. The court disagreed, stating that:

"All of this evidence related to conduct showing the attitude of mind of the defendant. Such attitude may be shown by evidence relating to the mental state of the defendant at the very outset of the journey if it is apparent that such attitude continued throughout the trip as was the case here, and prompted conduct which was the proximate cause of the injuries to plaintiff." *Id.* at 436, 53 N.E.2d at 656.

---

1. The jury did not, however, designate the percentage of each party's negligence as is required.

In the instant case, the evidence showed that McCarty had been drinking and that he was speeding. The jury could have considered his failure to stop at the light as part of a continuing course of reckless behavior which culminated in the collision with Hamm. We also find that justice would require admission of this evidence in light of the fact that, on the one hand, the jury was permitted to consider evidence that Hamm had failed to stop at two stop signs just prior to the accident, but not permitted to consider the evidence of McCarty's reckless driving just before the accident. The evidence of McCarty's driving is as relevant as the evidence of Hamm's, and the exclusion of one should result in the exclusion of the other. However, the record contains no objection by plaintiffs' counsel as to the relevancy of Steven Lance's testimony that Hamm had run the two stop signs; thus, Hamm has waived argument on this point.

Having determined that relevance was not the proper ground for exclusion, however, does not end our analysis. Although relevant, evidence may be considered too remote to have sufficient probative value. In his objection to the testimony regarding the light, defense counsel appears to have argued that the distance of that light from the accident scene was grounds for exclusion, and the trial court agreed.

Relevant evidence may be excluded on the grounds of remoteness because of low probative value. 1 Weinstein's Evidence (1988) 401–45, Section 401[06]. "Although the courts do not always indicate that they are using a balancing test when confronted with problems of remoteness, cases of this kind are examples of the court's power to exclude evidence when probative value is substantially outweighed by other considerations." *Id.* Thus, the trial court's decision may be viewed as a matter within its discretion under Evid.R. 403. A trial court enjoys broad discretion in admitting or excluding evidence. See *State v. Long* (1978), 53 Ohio St.2d 91, 98, 7 O.O.3d 178, 182, 372 N.E.2d 804, 808. Error may not be predicated upon a ruling which excludes evidence unless that discretion has been abused and a substantial right of the party has been affected. Evid.R. 103. Further, the testimony related to the red light may be viewed as cumulative evidence of recklessness, as the jury was aware of the intoxication and the speeding. As cumulative evidence, its probative value would be reduced and prejudice would not result from its exclusion.

The record also indicates that Homonai's testimony would have been based on hearsay. In considering Homonai's written statement, the trial court noted that Homonai stated that he did not see McCarty run the light, but heard about it over a CB radio. The record does not contain any details about this radio transmission from which we could determine whether any of

the exceptions to the hearsay rule would apply, such as excited utterance or present sense impression (Evid.R. 803[1] and [2]). Thus, because Homonai had no personal knowledge, and because no exception would appear to apply, his testimony in this regard was inadmissible. Evid.R. 802.

In his brief, the appellee states that Lance's testimony would have been based upon hearsay as well, as evidenced by Trial Exhibit 19. Exhibit 19 is a photograph of the intersection where the accident occurred and is irrelevant to this argument. Appellee may be referring to Exhibit 16, which was Jeff Lance's statement to the police; however, this exhibit was withdrawn from evidence and is not included in the exhibits provided to this court. Further, from the colloquy at the time of appellants' proffer, there is no indication that Lance's testimony would have been based upon hearsay. Since McCarty's contention is unsupported by the record, it is not well-taken.

The appellants' first assignment of error is overruled.

### Assignment of Error II

"The court, upon refusal of the plaintiff's proffered testimony concerning the red light also erred by directing a verdict for the defendant on the plaintiff's claim that the defendant was more than negligent and had engaged in willful and wanton misconduct."

Hamm contends that the trial court erred in directing a verdict on his claim of recklessness. We disagree, as the record shows that the trial court's directed verdict was on the issue of punitive damages, and not on the claim of willful and wanton misconduct. These are two separate issues, and appellants conceded this point in oral argument. The fact that the punitive damages claim was eliminated had no effect on the jury's ability to find that the defendant was reckless. It was the appellants' inaction which interfered with that ability.

The record shows that Hamm failed to propose a charge on the claim of wanton and willful misconduct, and never objected to the charge that was given. As such, he has waived the issue on appeal.

The appellants' second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.